UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>                      Plaintiff,<br><br>- against -<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>                      Defendant. | Case No. 14-cv-2197 (VM)(JCF) |

# PLAINTIFF'S SECOND MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING OTHER ACTIONS RELATING TO MF GLOBAL

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel:     (212) 506-1700
Fax:    (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.     PWC IS PRECLUDED FROM REFERENCING OTHER CIVIL PROCEEDINGS ................................................................................................... 3

II.    PLEADINGS AND DISCOVERY RESPONSES ARE HEARSAY ............................... 4

III.   THE PLEADINGS ARE INADMISSIBLE UNDER RULES 402 AND 403 .................. 6

IV.   THE SETTLEMENT AGREEMENTS ARE INADMISSIBLE ....................................... 8

CONCLUSION .............................................................................................................................. 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arlio v. Lively*,
　474 F.3d 46 (2d Cir. 2007)............................................................................................3, 7

*Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
　860 F. Supp. 2d 251 (S.D.N.Y. 2012)..........................................................................3, 6

*In re Bedrock Mktg., LLC*,
　404 B.R. 929 (Bankr. D. Utah 2009) ..............................................................................5

*In re Blech Sec. Litig.*,
　No. 94-cv-7696, 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003)......................................6

*Calhoun v. Baylor*,
　646 F.2d 1158 (6th Cir. 1981) ........................................................................................5

*Chapple v. Fahnestock & Co., Inc.*,
　No. 03-4989, 2010 WL 3118638 (E.D.N.Y. Aug. 5, 2010) ...........................................4

*In re Cornfield*,
　365 F. Supp. 2d 271 (E.D.N.Y. 2004) ......................................................................... 5-6

*D'Cunha v. Genovese/Eckerd Corp.*,
　415 F. App'x 275 (2d Cir. 2011) ....................................................................................4

*EEOC v. UMB Bank Fin. Corp.*, 558 F.3d 784, 794 (8th Cir. 2009) ..............................................3

*Filus v. LOT Polish Airlines*,
　939 F. Supp. 199 (E.D.N.Y. 1996) .................................................................................4

*Foster v. Berwind Corp.*,
　No. 90-cv-0857, 1991 WL 83090 (E.D. Pa. May 14, 1991).................................... 6-7

*Garcia v. BAE Cleaners Inc.*,
　No. 10-cv-7804, 2011 WL 6188736 (S.D.N.Y. Dec. 12, 2011)....................................10

*Kassis v. Teachers' Ins. & Annuity Ass'n*,
　13 A.D.3d 165 (1st Dep't 2004) .....................................................................................8

*Kaufman v. Columbia Mem'l Hosp.*,
　No. 11-cv-667, 2014 WL 3888229 (N.D.N.Y. Aug. 7, 2014).........................................9

*Leon v. FedEx Ground Package Sys., Inc.*,
    163 F. Supp. 3d 1050 (D.N.M. 2016) ............................................................................10

*MF Global v. PricewaterhouseCoopers, LLP*, No. 14-cv-2197,
    2016 WL 4197062 (S.D.N.Y. Aug. 5, 2016) ................................................................5, 6

*Moller v. North Shore Univ. Hosp.*,
    12 F.3d 13 (2d Cir. 1993).................................................................................................8

*News Am. Mktg. FSI LLC v. MGA Entm't, Inc.*,
    87 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) .......................................................................3

*Outley v. City of New York*,
    837 F.2d 587, 595 (2d Cir. 1988) ....................................................................................4

*Park W. Radiology v. CareCore Nat. LLC*,
    675 F. Supp. 2d 314 (S.D.N.Y. 2009)..........................................................................4, 7

*Pearl River Union Free Sch. Dist. v. Duncan*,
    56 F. Supp. 3d 339 (S.D.N.Y. 2015)................................................................................9

*Rivera v. Metro. Transit Auth.*,
    750 F. Supp. 2d 456 (S.D.N.Y. 2010)..............................................................................4

*RSM Prod. Corp. v. Fridman*,
    643 F. Supp. 2d 382 (S.D.N.Y. 2009)..............................................................................7

*Sampson v. Radio Corp. of Am.*,
    434 F.2d 315 (2d Cir. 1970) ............................................................................................9

*Sanders v. Madison Square Garden, L.P.*,
    525 F. Supp. 2d 364 (S.D.N.Y. 2007)..............................................................................9

*In re Teltronics Servs., Inc.*,
    29 B.R. 139 (Bankr. E.D.N.Y. 1983)...............................................................................6

*United States v. Davis*,
    No. 09-cr-343, 2009 WL 3646459 (E.D. Pa. Nov. 4, 2009).............................................9

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02-cv-3288, 2005 WL 578109 (S.D.N.Y. Mar. 4, 2005)...................................... 10-11

**Statutes**

New York General Obligations Law § 15-108 ..................................................................8

**Other Authorities**

Federal Rule of Evidence 401...........................................................................................6, 7

Federal Rule of Evidence 402 ......................................................................................................... 6

Federal Rule of Evidence 403 ................................................................................................... *passim*

Federal Rule of Evidence 801 .................................................................................................. 4, 5, 6

Federal Rule of Evidence 802 ......................................................................................................... 4

Federal Rule of Evidence 803 ......................................................................................................... 4

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or the "Plan Administrator") respectfully submits this motion *in limine* to preclude PricewaterhouseCoopers LLP ("PwC") from introducing at trial evidence or argument regarding the MF Global post-bankruptcy litigations.

## **PRELIMINARY STATEMENT**

As this Court is well aware, the MF Global bankruptcy has generated a significant amount of complicated litigation. In addition to the numerous adversary proceedings and contested matters in the Bankruptcy Court, this Court has presided over several actions related to MF Global. Many, but not all of these actions, were consolidated as an MDL proceeding under the caption *Deangelis v. Corzine*, No. 11-7866 (S.D.N.Y.).[1]

This action, unlike most of the other MDL matters, is focused on the extent to which PwC's negligence caused the company's rapid demise in October 2011. The Plan Administrator is confident in its ability to explain to the jury – point by point – why PwC's audit failures in, among other things, approving sale accounting for MF Global's repurchase agreements for European sovereign debt was a substantial factor in MF Global's demise.

In order to make it difficult, if not impossible to tell this story, PwC apparently intends to inject into this trial evidence and arguments related to other collateral proceedings. PwC's

---

[1] Many MF Global related disputes spanned both proceedings. For example, on April 22, 2013, Louis J. Freeh, as Chapter 11 Trustee of MF Global Holdings Ltd., filed a complaint against certain MF Global officers and directors in the matter captioned *Louis J. Freeh, as Chapter 11 Trustee of MF Global Holdings Ltd. v. Corzine,* No. 11-15059, (S.D.N.Y. Bankr.), and an amended complaint was filed on September 16, 2013 by Nader Tavakoli, as Litigation Trustee. Upon that filing, the caption was changed to *Nader Tavakoli, as Litigation Trustee of the MF Global Litigation Trust v. Corzine,* Ad. Pro. No. 13-01333 (S.D.N.Y. Bankr.). This Court later withdrew reference of that action to the Bankruptcy Court, and consolidated the matter with *Deangelis v. Corzine*, No. 11-7866 (S.D.N.Y.). All phases of that proceeding shall hereinafter be referred to as the "Litigation Trustee Action."

anticipated reference to allegations that the Litigation Trustee or other parties have made concerning the MF Global bankruptcy in other cases, and any reliance on materials entered or exchanged or settlements reached in those cases, will at a minimum create confusion and a costly distraction. At worst, such evidence will confuse the jury, extend the length of the trial, and unduly prejudice Plaintiff. For these and other reasons outlined below, such evidence is inadmissible at trial.

*First,* other post-bankruptcy civil litigation is irrelevant and any reference by PwC to it would unduly prejudice Plaintiff's case. In its proposed witness list filed as a part of the Joint Pre-Trial Order, for example, PwC states that it intends to question at least three MF Global witnesses regarding "various lawsuits filed by the Plan Administrator." Such evidence is routinely excluded by trial courts in this Circuit, and there is no basis to allow it here.

*Second,* as explained below, the pleadings and interrogatory responses filed in those other proceedings are inadmissible on the grounds of relevance, hearsay, and undue prejudice.

*Third*, argument and evidence regarding any settlement agreements in those actions would prejudice the Plan Administrator's ability to try its case against PwC. If introduced, this evidence will burden the Court and jury with nearly every evidentiary concern that Rule 403 was designed to avoid -- the jury will be needlessly confused, the parties will require substantial time to explain the evidence (and rebut each other's explanations), and, most significantly, the fair resolution of this matter will be jeopardized in that the jury will be misled into deciding the issues on improper bases. As such, any reference to the settlements should be precluded.

**ARGUMENT**

**I.    PWC IS PRECLUDED FROM REFERENCING OTHER CIVIL PROCEEDINGS**

Consistent with routine practice in this Circuit, argument and evidence relating to other proceedings that do not involve PwC are inadmissible as irrelevant and unduly prejudicial. *See News Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) ("The Court agrees with plaintiffs that evidence of other litigation to which NAM is a party would be irrelevant to this matter and unduly prejudicial to NAM."); *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254-55 (S.D.N.Y. 2012) (excluding evidence of plaintiffs' suit against similarly situated third-parties, noting that "courts generally exclude evidence of other related lawsuits").

As the Second Circuit has noted, "[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).  The primary concern, which would be manifest here, is that evidence "about previous cases inevitably results in trying those cases before the jury, and the merits of the other cases … [would] become inextricably intertwined with the case at bar." *Id.* at 53 (internal quotation marks omitted); *see also EEOC v. UMB Bank Fin. Corp.*, 558 F.3d 784, 794 (8th Cir. 2009) (affirming exclusion of previous allegations against defendant because it "would introduce cumbersome collateral issues").

Here, as in *Arlio*, it is "inevitabl[e]" that the admission of such evidence would confuse the issues at trial and mislead the jury by requiring both it and the Court to try a case within a case.  Should argument and evidence regarding collateral litigation be admitted, a jury necessarily would require an explanation of the (surely disputed) background and circumstances of those lawsuits, including information about facts, claims and damages that were asserted there (but not at issue here). *Chapple v. Fahnestock & Co., Inc.*, No. 03-4989, 2010 WL 3118638, at

3

*1 (E.D.N.Y. Aug. 5, 2010) ("the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits."); *see also Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988) (reversing order admitting evidence of plaintiff's involvement in other lawsuits because such evidence "invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and confusion of issues.").

## II.  PLEADINGS AND DISCOVERY RESPONSES ARE HEARSAY

Complaints, answers, and interrogatory responses filed by non-parties in related lawsuits constitute inadmissible hearsay under Rule 802.  *See D'Cunha v. Genovese/Eckerd Corp.*, 415 F. App'x 275, 278 (2d Cir. 2011) (district court "properly excluded the complaint, the answer and deposition, as these documents were inadmissible hearsay"); *Rivera v. Metro. Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) ("An unsworn statement by a non-party in a complaint in another lawsuit is hearsay when offered to prove the truth of that statement. It is not admissible."); *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009) ("the pleadings in the Other Litigations constitute inadmissible hearsay under FRE 803."); *see also Filus v. LOT Polish Airlines,* 939 F. Supp. 199, 201 (E.D.N.Y. 1996) *aff'd,* 133 F.3d 1569 (2d Cir. 1997) ("[A]nswers to the interrogatories constituted hearsay").

The pleadings filed and interrogatory responses served in these related litigations, including prior lawsuits pursued by the Chapter 11 and Litigation Trustees, are not covered by any hearsay exception.  The complaints in the Litigation Trustee Action do not constitute a party admission under Rule 801(d)(2).[2]  This action was commenced by the Plan Administrator, while the Litigation Trustee is a distinct and separate party.  In fact, the role of the Plan Administrator

---

[2] Nor could the answers filed in the Litigation Trustee Action constitute party admissions here under Rule 801(d)(2) because defendants Corzine, Steenkamp, and Abelow are not parties to this litigation.

4

and its authority to commence this litigation did not exist until after the Chapter 11 Trustee Report was prepared and the Trustee's initial complaint against the officers and directors was filed.[3] Just as the Litigation Trustee would "not be bound by statements of agents of the debtor," the Plan Administrator cannot be bound by statements made by the Litigation Trustee in a separate case, particularly where, as here, the so-called "admission" preceded the Plan Administrator's very authority and entitlement to act. *See In re Bedrock Mktg., LLC,* 404 B.R. 929, 936 (Bankr. D. Utah 2009) ("[T]he trustee is not the debtor, and, although the trustee is a successor in interest, Rule 801(d)(2)(D) does not include statements of a predecessor in interest as statements by a party opponent.") (citing Barry Russel, BANKRUPTCY EVIDENCE MANUAL § 801.16 (2007-08 ed.)); *see also Calhoun v. Baylor*, 646 F.2d 1158, 1162-63 (6th Cir. 1981) (disagreeing with assertion that "the trustee in bankruptcy, as successor in interest, is bound by the statements of the agents of [the debtor]").[4]

Thus, notwithstanding that recoveries in this litigation will benefit the estate in a similar way to the recoveries in the Litigation Trustee Action, the parties asserting these claims are different and an "admission" by one does not bind the other, no matter how close the relationship between them. *See In re Cornfield,* 365 F. Supp. 2d 271, 276-77 (E.D.N.Y. 2004) ("Rule 801(d)(2)(A) altered the common law rule by providing only for the admission of statements

---

[3] The Second Amended and Restated Joint Plan of Liquidation, which authorized the Plan Administrator to commence this action, did not become effective until June 4, 2013, after the Trustee Report was filed.

[4] PwC raised this issue once before, arguing in a footnote to its motion for summary judgment that the Litigation Trustee's complaint constituted a judicial admission of MF Global. In denying that motion, this Court did not rule on whether the complaint could constitute an admission, but found that, even if it were construed as such, the allegations contained therein were insufficient to establish *in pari delicto*. *MF Global Holdings, Ltd., v. PricewaterhouseCoopers, LLP*, No. 14-cv-2197, 2016 WL 4197062, at *12, n.12 (S.D.N.Y. Aug. 5, 2016).

5

made by a party to the action. Privity-based admissions were abolished."); *In re Teltronics Servs., Inc.*, 29 B.R. 139, 165 (Bankr. E.D.N.Y. 1983) ("Rule 801(d)(2)(D), which took effect on July 1, 1975, 'rejects privity as a ground of admissibility by making no provision for it.'") (citations omitted).

### III.  THE PLEADINGS ARE INADMISSIBLE UNDER RULES 402 AND 403

Irrelevant evidence is inadmissible, Fed. R. Evid. 402, and relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, Fed. R. Evid. 403. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The pleadings are "not evidence of anything other than the existence of an accusation," and are not admissible to prove the truth of their contents. *See In re Blech Sec. Litig.*, No. 94-cv-7696, 2003 WL 1610775, at *11 (S.D.N.Y. Mar. 26, 2003) (citing *Stevenson v. Hearst Consol. Publ'ns, Inc.*, 214 F.2d 902, 907 (2d Cir. 1954) ("Of course, the complaint was inadmissible as hearsay to prove the truth of its contents.").

This Court already has recognized that, with regard to the now-settled Litigation Trustee Action in particular, "the pleadings and filings [in that action] did not relate to" the claims asserted here. *MF Global Holdings, Ltd.*, 2016 WL 4197062, at *12, n.12. Indeed, courts have routinely excluded such evidence on account of its universally low probative value. *See Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254-55 (S.D.N.Y. 2012) ("Plaintiffs' opposition brief does not cite a single case for the proposition that mere *allegations* of misconduct are probative . . . . I see little probative value in allegations only.") (emphasis in original, quotation marks and citations omitted); *Foster v. Berwind Corp.*, No. 90-cv-0857, 1991 WL 83090, at *1 (E.D. Pa. May 14, 1991) ("The allegations, however, in the complaints in these other actions are just that: allegations. To begin examining and admitting

6

evidence of accusations made . . . at other possible culprits . . . are dispositive of nothing and would confuse the complex issues already present."); *see also RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) ("Second Circuit case law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).").

To the extent the pleadings even satisfy Rule 401's threshold relevance requirement, they are inadmissible as unduly prejudicial under Rule 403.  Admission of such evidence runs the risk of confusing the issues and misleading the jury by requiring both it and the Court to try a case within a case.  *Arlio*, 474 F.3d at 53 ("[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties. Admitting evidence about previous cases inevitably results in trying those cases . . . before the jury, and the merits of the . . . other cases would become inextricably intertwined with the case at bar.") (quotations and brackets omitted); *Park W. Radiology*, 675 F. Supp. 2d at 325 ("The inclusion of the nonparty fraud allegations here pose the risk of turning the trial into a multi-ringed sideshow of mini-trials on collateral issues pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in this case.") (quotation omitted).

Admitting evidence of the pleadings would present all such dangers with little to no probative gain.  Their admission at trial would necessarily force a collateral inquest into the status and parameters of that litigation, resulting in a highly prejudicial mini-trial that is likely to confuse and mislead the jury.

**IV.     THE SETTLEMENT AGREEMENTS ARE INADMISSIBLE**

Finally, evidence regarding any settlement agreements entered into in connection with the coordinated MF Global proceeding is also inadmissible. PwC's proposed witness list indicates that it intends to inquire about such prior settlements, presumably in an improper attempt to support one of two points: either to prove by insinuation that the settling defendants in certain of those actions were the true and exclusive cause of Plaintiff's injury or to wrongly limit PwC's own damages in the (likely) event of a plaintiff's verdict. Under either scenario, the prejudice to Plaintiff would be nearly insurmountable.

As a threshold matter, it would be improper to present evidence to the jury regarding the Litigation Trustee's settlement with former MF Global officers and directors. The amount of the individual settlements may be considered *by the Court* as an offset to any damages the jury awards in the first instance. Pursuant to New York General Obligations Law § 15-108, which PwC asserts as an affirmative defense, the Court may offset the damages recoverable from PwC by the amount for which the individual defendants settled. This is, however, an exercise for which the Court itself is responsible, not the jury, and the *settlement amount* is therefore irrelevant to the trial of this action as a matter of law. *See Moller v. North Shore Univ. Hosp.*, 12 F.3d 13, 14 (2d Cir. 1993) ("Section 15-108 directs *the court* to set off amounts released from the jury's damages award") (emphasis provided); *Kassis v. Teachers' Ins. & Annuity Ass'n*, 13 A.D.3d 165, 166 (1st Dep't 2004) ("The trial court properly offset the jury verdict against the nonsettling defendants by the amount of plaintiffs' prior settlement"); *see also* N.Y. CPLR 4533-B ("In [New York state court actions for] injury to property . . . , any proof as to payment by or settlement with another joint tort-feasor, or one claimed to be a joint tort-feasor, offered by a defendant in mitigation of damages, shall be taken out of the hearing of the jury. The court shall

8

deduct the proper amount, as determined pursuant to section 15-108 of the general obligations law, from the award made by the jury.").

The reason for this practice, as codified by CPLR 4533-B for state court actions, is clear: argument and evidence regarding settlements is unduly prejudicial.  Because parties settle litigation for myriad reasons -- many of which have nothing to do with liability -- the fact and terms of other settlements are plainly irrelevant to the issues in this litigation.  *See Sampson v. Radio Corp. of Am.*, 434 F.2d 315, 317 (2d Cir. 1970) ("[S]ettlements are often reached for economic reasons and not because of concessions on legal issues."); *Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 357 (S.D.N.Y. 2015) ("a party's settlement of a claim does not necessarily constitute an explicit or implicit admission of liability"); *Sanders v. Madison Square Garden, L.P.,* 525 F. Supp. 2d 364, 369 (S.D.N.Y. 2007) (settlements have marginal evidentiary weight because they "are too tightly bound to the incentive to avoid litigation to cast much light on the underlying merits of a case"); *see also Kaufman v. Columbia Mem'l Hosp.*, No. 11-cv-667, 2014 WL 3888229, at *4 (N.D.N.Y. Aug. 7, 2014) ("It is well settled that a settlement neither requires nor implies any judicial endorsement of either party's claims or theories.") (internal quotations omitted).

Weighed against this non-existent probative value is the unfair prejudice that, as the Second Circuit has held, necessarily would arise if the jury took the settlement evidence as a concession of liability.  *United States v. Davis*, No. 09-cr-343, 2009 WL 3646459, at *5 (E.D. Pa. Nov. 4, 2009) (excluding civil settlement under Rule 403 because "[i]t does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendant had done nothing wrong, [he] would not have paid the [settlement] money.").  The jury could well interpret the evidence this way, and, in so doing, may improperly shift all the responsibility

9

elsewhere or reduce the total amount of damages based on the amount that others have agreed to pay.  This, respectfully, would be improper.  *Leon v. FedEx Ground Package Sys., Inc.*, 163 F. Supp. 3d 1050, 1069-70 (D.N.M. 2016) ("Excluding evidence of the settlement will allow the jury to simply fill out the jury form on comparative negligence without worrying whether the settlement means that [the settling defendants] were more at fault.  The jurors should make their decision based on the evidence they see and hear in the case, and they should not use the existence [of a settlement] as a crutch to support their decision.").

Evidence concerning *the amount* of prior settlements is at least as prejudicial as their very existence.  Courts have repeatedly recognized that disclosure of the settlement amounts creates a serious risk of prejudice to the plaintiff and juror confusion.  *See e.g., Garcia v. BAE Cleaners Inc.*, No. 10-cv-7804, 2011 WL 6188736, at *2 (S.D.N.Y. Dec. 12, 2011) (settlement evidence is "separately excludable under Rule 403 as it could unduly prejudice the plaintiff's damages claims and might separately confuse a juror as to what an appropriate damages award might be").  Here, the settlement amounts have no bearing on any issue to be decided by the jury, and could easily mislead the panel into basing its award on improper grounds.  If, for example, PwC were permitted to disclose the settlement amounts that Corzine, Steenkamp, and Abelow agreed to in the Litigation Trustee Action, the jury may believe that those amounts -- rather than the competent testimony of Plaintiff's witnesses on damages -- reflect the proper amount of the Plan Administrator's injuries.

Such evidence would unfairly prejudice the Plaintiff as a matter of law.  A curative instruction is not sufficient to prevent this great risk of prejudice.  *See In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005) (excluding evidence of defendant's settlements of prior lawsuits because the "limited probative value of this evidence is

substantially outweighed by the burden that the admission of this evidence would place on [defendant] to explain the circumstances at issue in these other lawsuits, by the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice."). If, however, PwC insists on offering evidence of the Litigation Trustee's prior settlements, it will not be able to preclude evidence of its own settlement with the securities class action plaintiffs in the MDL over allegations that it abjectly failed to fulfill its professional standards in auditing MF Global's deferred tax asset. There, PwC agreed to pay $65 million before it finished briefing its motion to dismiss.

      The alternative is eminently more reasonable. By excluding argument and evidence regarding the settlement agreements under Rule 403, the jury will be better able to base its determination of liability and damage, as it must, on the evidence and testimony presented at trial in this case regarding the facts and circumstances of MF Global's claim against PwC.

## CONCLUSION

For all the foregoing reasons, the Plan Administrator respectfully requests that its motion be granted.

Dated: New York, New York
January 20, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/    Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:     (212) 506-1700
Fax:     (212) 506-1800

*Attorneys for Plaintiff*