UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MF GLOBAL HOLDINGS LTD., AS PLAN
ADMINISTRATOR,

      Plaintiff,

- against -

PRICEWATERHOUSECOOPERS LLP,

      Defendant.

---

Case No. 14-cv-2197 (VM)(JCF)


**PLAINTIFF'S THIRD MOTION *IN LIMINE* AND
MEMORANDUM OF LAW TO EXCLUDE THE TRUSTEE REPORTS**

    KASOWITZ, BENSON, TORRES
     && FRIEDMAN LLP
    1633 Broadway
    New York, New York 10019-6799
    Tel:  (212) 506-1700
    Fax:  (212) 506-1800

    *Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

# **TABLE OF CONTENTS**

                                                                                                **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I.      THE REPORTS ARE INADMISSIBLE HEARSAY ......................................................... 3

II.     THE REPORTS ARE IRRELEVANT AND UNDULY PREJUDICIAL ........................ 6

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                                                    **Page(s)**

*Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.*,
  No. 08 Civ. 7508, 2013 WL 1155420 (S.D.N.Y. Mar. 20, 2013) ..............................................6

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007)......................................................................................................7, 8

*In re Bedrock Mktg., LLC*,
  404 B.R. 929 (Bankr. D. Utah 2009) ..................................................................................... 4-5

*Calhoun v. Baylor*,
  646 F.2d 1158 (6th Cir. 1981) ....................................................................................................5

*City of New York v. Pullman, Inc.*,
  662 F.2d 910 (2d Cir. 1981)...................................................................................................7, 8

*In re Cornfield*,
  365 F. Supp. 2d 271 (E.D.N.Y. 2004) ........................................................................................5

*Gehl by Reed v. Soo Line R. Co.*,
  967 F.2d 1204 (8th Cir. 1992) ....................................................................................................6

*Perry v. Ethan Allen, Inc.*,
  115 F.3d 143 (2d Cir. 1997).......................................................................................................3

*In re Sept. 11 Litig.*,
  621 F. Supp. 2d 131 (S.D.N.Y. 2009)........................................................................................8

*In re Teltronics Servs., Inc.*,
  29 B.R. 139 (Bankr. E.D.N.Y. 1983)..........................................................................................5

*United States v. Devery*,
  935 F. Supp. 393 (S.D.N.Y. 1996) .............................................................................................6

*United States v. Ovist*,
  No. 11-cr-0076, 2012 WL 5830296 (D. Or. Nov. 16, 2012 .......................................................4

*In re Vitamin C Antitrust Litig.*,
  No. 05-cv-0453, 2012 WL 4511308 (E.D.N.Y. Oct. 1, 2012) ...................................................6

*In re Weissman*,
  19 F.2d 769 (2d Cir.1927)...........................................................................................................5

**Other Authorities**

Federal Rule of Evidence 403................................................................................................3, 6

Federal Rule of Evidence 801 ................................................................................................... 3, 4, 5

Federal Rule of Evidence 802 ...................................................................................................... 3, 4

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or "Plan Administrator"), respectfully submits this motion *in limine* to preclude PricewaterhouseCoopers LLP ("Defendant" or "PwC") from introducing at trial evidence or argument regarding either the Report of the Trustee's Investigation and Recommendations filed in *MF Global Inc.,* No. 11-2790 (MG) (SIPA) (S.D.N.Y. Bankr.) (the "SIPA Trustee Report") or the Report of Chapter 11 Trustee Louis Freeh filed in *In re MF Global Holdings Ltd.,* No. 11-15059 (MG) (S.D.N.Y. Bankr.) (the "Freeh Report" and, together with the SIPA Trustee Report, the "Reports").

## PRELIMINARY STATEMENT

PwC previewed the extent to which it intends to rely on the Reports in its unsuccessful motion for summary judgment, referencing in a footnote that the Reports investigated the cause of MF Global's collapse but failed to "question[] the appropriateness of sales accounting." On summary judgment, this Court did not address this obviously irrelevant argument. PwC has included both Reports on its list of trial exhibits in the recently filed Pre-Trial Order and apparently intends to argue this point again at trial. In addition to their inherent hearsay status, in their entirety, the Reports remain irrelevant and would only prolong the trial and confuse the jury. In a lengthy, collateral undertaking, PwC presumably will highlight the purportedly official nature of each document and their authors, exaggerate the scope of the investigation, and suggest to the jury that, for all of those reasons, the Reports merit special consideration.

Plaintiff respectfully submits that PwC should be precluded from doing so. Both because and separate and apart from the fact that these documents constitute inadmissible hearsay, the Freeh and SIPA Trustee Reports will distract the jury from the direct evidence admitted at trial and undermine its deliberative authority, while causing unnecessary and undue prejudice to the Plaintiff.

**FACTUAL BACKGROUND**

The SIPA Trustee Report was prepared by James W. Giddens, as Trustee for the liquidation of MF Global Inc. ("MFGI"), following commencement of that liquidation proceeding by the Securities Investor Protection Corporation ("SIPC"). The SIPA Trustee noted that his report reflected "initial findings" and that his "goal" was to complete the investigation "at the earliest possible date." *See* Declaration of Ryan P. Montefusco ("Montefusco Decl."), Ex. 6, pp. 1-2.

The Freeh Report was based on interviews of former employees, reviews of documents and a forensic investigation by consultants. *See* Montefusco Decl., Ex. 7, at 2. The Freeh Report acknowledges that it does not account for, or reflect the findings of, all interviews and investigations. "Rather, the Trustee … deployed his professionals and the Debtors' limited resources to review the most relevant information in order to complete [the] investigation and issue [the] Report in an efficient manner." *Id.* at 2. The Report thus represents only the information then available, and the Trustee reserved his right to supplement or update the report in the event "new or additional information [was] identified or brought to the Trustee's attention." *Id.*

Neither of the Reports, nor the investigations that led to them, addressed or analyzed MF Global's accounting treatment for the European repurchase-to-maturity transactions ("Euro RTMs") or MF Global's deferred tax asset ("DTA") -- both issues that are central to the claims in this case.[1]

---

[1] Nor is it true, as PwC has asserted in the past, and is likely to repeat at trial, that no one other than the Plan Administrator has focused on PwC's accounting failures as incorrect or a cause of harm. FINRA raised questions about the RTM accounting and, indeed, when it required MFGI to post additional regulatory capital, it advised MF Global and PwC that it did not accept its explanation of such accounting as a basis to maintain the lower regulatory capital levels. *See* Montefusco Decl., Exs. 8 and 9. It appears that the bankruptcy at the end of October cut short

**ARGUMENT**

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). Neither of these reports bears any relevance to the claim left to be tried, and they are inadmissible both as hearsay under Federal Rule of Evidence 802 and as unduly prejudicial under Rule 403.

**I.      THE REPORTS ARE INADMISSIBLE HEARSAY**

Both the Freeh and SIPA Trustee Reports constitute statements made by their respective authors, and they presumably will be offered to demonstrate the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement."). They are based on interviews of more than a hundred different people who played various roles both within and outside MF Global, none of which (to the Plan Administrator's knowledge) were under oath, as well as the Trustees' staffs' reviews of hundreds of thousands of pages of documents, which may or may not themselves be admissible under the Federal Rules of Evidence. The witness interviews, some quoted and some paraphrased, and none of which were subject to cross-examination, include statements that the interviewees purport to have heard from others during the course of the events and thus, constitute hearsay within hearsay. As such, the Reports are

---

FINRA's inquiry into the accounting practices. Nor is the RTM accounting issue the only failure by PwC at issue at trial. In addition, the Plan Administrator's claim includes PwC's failure to audit the DTA correctly and PwC was sued by the securities class action plaintiffs for this failure, a claim it settled before completing the briefing on its motion to dismiss. If PwC wishes to argue that no other party has accused it of accounting failures in this case, it will not be able to limit it to the RTM accounting and may open the door to testimony about the DTA litigation and settlement.

3

indisputable hearsay that are barred by Federal Rule of Evidence 802, and no hearsay exception applies to allow their admission.

As a threshold matter, the statements contained in the Freeh Report do not constitute party admissions under Rule 801(d)(2).  While the Freeh Report was authored by Louis J. Freeh as Chapter 11 Trustee ("Litigation Trustee"), the claims raised in this action are asserted by MF Global in its capacity as Plan Administrator.  The Plan Administrator was authorized to commence this litigation by reason of the Second Amended and Restated Joint Plan of Liquidation, and such authority only became effective on June 5, 2013 -- months *after* the Freeh Report was completed and filed.  *See* Order Confirming Amended and Restated Joint Plan of Liquidation, (D.E. 1288), *In re MF Global Holdings Ltd.,* No. 11-15059 (MG) (S.D.N.Y. Bankr.).  Thus, while the fruits of this litigation will benefit the estate in the same manner as the recoveries obtained by the Litigation Trustee, the *parties* asserting these claims are formally and substantively different and an "admission" may not be shared among them.  *See e.g., United States v. Ovist*, No. 11-cr-0076, 2012 WL 5830296, at *5 (D. Or. Nov. 16, 2012), *adhered to on reconsideration,* 2013 WL 119674 (D. Or. Jan. 9, 2013) ("[A]llegations by the FHFA, SEC, and Reserve Board made in unrelated civil proceedings are not admissions by a party opponent under Rule 801(d)(2) because the FHFA, SEC, and Reserve Board are not the same party as the DOJ for purposes of this action.").

This formal distinction is significant, particularly where, as here, claims have been assigned following a petition for bankruptcy relief.  Indeed, the Plan Administrator may not be charged with statements contained in the Freeh Report for the same reason that a "trustee is not bound by statements of agents of the debtor." *See In re Bedrock Mktg., LLC*, 404 B.R. 929, 936 (Bankr. D. Utah 2009) (citing Barry Russel, BANKRUPTCY EVIDENCE MANUAL § 801.16 (2007-

08 ed.)). Simply stated, "the trustee is not the debtor, and, although the trustee is a successor in interest, Rule 801(d)(2)(D) does not include statements of a predecessor in interest as statements by a party opponent." *Id.* at 936; *see also Calhoun v. Baylor*, 646 F.2d 1158, 1162-63 (6th Cir. 1981) (disagreeing with proponent's assertion that "the trustee in bankruptcy, as successor in interest, is bound by the statements of the agents of [the debtor]").

The same logic applies here. And it derives from the judiciary's acknowledgement that the Rules of Evidence categorically rejected the notion of "privity" for the purposes of party admission. *See In re Cornfield,* 365 F. Supp. 2d 271, 276-77 (E.D.N.Y. 2004) ("Rule 801(d)(2)(A) altered the common law rule by providing only for the admission of statements made by a party to the action. Privity-based admissions were abolished."); *In re Teltronics Servs., Inc.*, 29 B.R. 139, 165 (Bankr. E.D.N.Y. 1983) ("Rule 801(d)(2)(D), which took effect on July 1, 1975, 'rejects privity as a ground of admissibility by making no provision for it'") (citations omitted)[2]; *see also Calhoun*, 646 F.2d at 1162-63 ("[T]he rule rejects privity as a ground of admissibility by making no provision for it") (quoting 4 Weinstein's Evidence 801-165 (1979)).

The Freeh Report therefore does not qualify as an admission under Rule 801(d)(2). The same clearly goes for the SIPA Trustee report, which was prepared by a separate party, and submitted in connection with an entirely different proceeding. Because no other hearsay exception may be credibly applied to save either Report, PwC is precluded from introducing these documents at trial.

---

[2] In *Teltronics,* the Court specifically held that *In re Weissman,* 19 F.2d 769 (2d Cir.1927), which held that a bankruptcy trustee was bound by admissions made by the debtor, is no longer applicable under the Federal Rules of Evidence.

**II.    THE REPORTS ARE IRRELEVANT AND UNDULY PREJUDICIAL**

The Reports -- each filed in anticipation of an unrelated litigation, with no focus on sales accounting -- should, in the first instance, be excluded under Rule 403 because they are not probative of the Plan Administrator's claims against PwC in this action.  *See Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.,* No. 08 Civ. 7508, 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) (finding "[r]eferences to other lawsuits including their factual allegations and evidence [] inadmissible" because they were irrelevant); *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996), *aff'd sub nom. United States v. Torres*, 128 F.3d 38 (2d Cir. 1997) ("*Some probative value … is not necessarily enough to overcome a Rule 403 balancing test.*") (emphasis in original).

Even assuming that these reports are admissible, which they are not, they should be excluded from trial because of the strong likelihood that they will unfairly prejudice the Plan Administrator's case.  Indeed, courts routinely exclude regulatory reports and other such material "where the evidence that was before the agency was also presented to the jury and 'the only purpose to be served by admitting' the [] report into evidence 'would be to suggest to the jury that it should reach the same conclusion' as the agency." *In re Vitamin C Antitrust Litig.*, No. 05-cv-0453, 2012 WL 4511308, at *4 (E.D.N.Y. Oct. 1, 2012) (quoting *Hall v. W. Prod. Co.*, 998 F.2d 1050, 1058 (10th Cir. 1993)).  This is because of the very real "danger that government reports, even if not particularly probative, will … sway the jury by their 'aura of special reliability and trustworthiness.'" *Gehl by Reed v. Soo Line R. Co.*, 967 F.2d 1204, 1208 (8th Cir. 1992) (quotation omitted).

PwC will no doubt attempt to cloak these reports with the same "aura of special reliability" in an effort to suggest that the jury should adopt the same conclusion rather than carefully consider the facts and law presented in this case.  The Second Circuit has made clear

6

that district courts should guard against admitting similar types of evidence. *See Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (excluding related arbitration decision and finding it "a perfect example of when the merits of other cases … become inextricably intertwined with the case at bar, as the jury might have felt a strong compulsion to conform their verdict to the conclusion of the Arbitration Board 'experts'") (citations omitted).

In *City of New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. 1981), the Second Circuit affirmed the district court's exclusion of a related, so-called government report, prepared by the Urban Mass Transit Administration ("UMTA"). The Second Circuit based its decision on a number of findings, many of which are directly applicable here. First, the *Pullman* court found that "while the UMTA report included broad conclusory language which might have been used to advantage at trial," a close reading showed that such language embodied "the tentative results of an incomplete staff investigation" rather than the "findings" of an agency. *See Id.* at 914-15. Second, "as a so-called government report which in fact was incomplete and based largely on hearsay, the report would have been presented to the jury in an 'aura of special reliability and trustworthiness' which would not have been commensurate with its actual reliability." *Id.* at 915 (citations omitted). And third, "the admission of the report would have been likely to protract an already prolonged trial with an inquiry into collateral issues regarding the accuracy of the report and the methods used in its compilation." *Id.*

Each of these concerns apply to both the Freeh and SIPA Trustee Reports, and all evidence and argument regarding the same should therefore be precluded at trial. As in *Pullman*, the reports represent only preliminary conclusions -- reached in the most "efficient" manner possible -- and both make clear that their contents and conclusions were based only on information available at that time. But new information quite clearly has arisen since these

reports were first filed, and such information, which formed the basis of the Plan Administrator's present lawsuit, was sufficient to survive three rounds of dispositive motion practice. For that reason alone, and despite the "official" light in which PwC will cast these reports, their "aura of special reliability and trustworthiness" is not commensurate with their actual reliability. *See In re Sept. 11 Litig.,* 621 F. Supp. 2d 131, 157 (S.D.N.Y. 2009) ("The imprimatur of the [government report] would extend to findings that were not fully tested and could not adequately be rebutted."). Second, as in *Pullman* and as noted above, these reports are based largely on hearsay. Finally, the reports will necessitate a protracted inquiry into collateral issues regarding the report's objective accuracy, completeness, relevance, and investigatory scope.

PwC may not use these reports in an effort to "awe" the jury into submission. To do so would be contrary to the Second Circuit's mandate that district courts "assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations." *Arlio*, 474 F.3d at 53.

## **CONCLUSION**

For all the foregoing reasons, the Plan Administrator respectfully requests that its motion be granted.

Dated: New York, New York
January 20, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/   Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:     (212) 506-1700
Fax:     (212) 506-1800

*Attorneys for Plaintiff*