UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,

        Plaintiff,

- against -

PRICEWATERHOUSECOOPERS LLP,

        Defendant.

---

Case No. 14-cv-2197 (VM)(JCF)

**PLAINTIFF'S FOURTH MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO PRECLUDE DEFENDANT FROM INQUIRING ABOUT <u>CERTAIN COMMUNICATIONS WITH THE GENERAL COUNSEL</u>**

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel:    (212) 506-1700
Fax:    (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| I. THE CONVERSATIONS ARE EITHER PRIVILEGED OR IRRELEVANT | 2 |
| CONCLUSION | 3 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Indergrit v. Rite Aid Corp.*,
    2016 WL 6441566 (S.D.N.Y. Oct. 31, 2016) ............................................................................2

*Perry v. Ethan Allen, Inc.*,
    115 F.3d 143 (2d Cir. 1997) ....................................................................................................1

*United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousement & Helpers of Am.*,
    119 F.3d 210 (2d Cir. 1997) ....................................................................................................2

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or the "Plan Administrator"), respectfully submits this motion *in limine* to preclude PricewaterhouseCoopers LLP ("PwC") from putting in evidence, through testimony or otherwise, concerning communications between Laurie R. Ferber ("Ms. Ferber"), former General Counsel for MF Global and current General Counsel for the Plaintiff, and current or former MF Global employees concerning the instant litigation.

## PRELIMINARY STATEMENT

PwC indicated its intent to question Ms. Ferber, General Counsel of MF Global and the Plan Administrator regarding "her post-bankruptcy communications" with former MF Global employees. The problems with this line of inquiry are obvious.

To the extent PwC intends to question Ms. Ferber regarding her conversations with such individuals about their role in, and knowledge of, the events in question here -- *i.e.,* the only conceivably relevant topic -- Ms. Ferber's testimony would unquestionably be protected by the attorney-client privilege. Any remaining topics of inquiry should be precluded as either irrelevant or unduly prejudicial.

PwC has -- perhaps intentionally -- failed to specify the subject matter of those communications or proffered *any* relevance those communications may have to this action. Given Ms. Ferber's status as General Counsel of MF Global and the Plan Administrator, PwC should be precluded from exploring these communications at trial.

## ARGUMENT

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). PwC should be precluded from questioning Ms. Ferber (or any other witness) concerning her communications with MF Global employees.

I.      **THE CONVERSATIONS ARE EITHER PRIVILEGED OR IRRELEVANT**

PwC's vague description of this entire line of testimony -- "post-bankruptcy communications" with former MF Global employees -- arguably was intentional. But this Court respectfully should, as Plaintiff argues here, view this attempt skeptically.

While the Second Circuit has not yet expressed its view on the issue, the Southern District consistently has held that the attorney-client privilege extends to conversations between "corporate counsel and former employees of the corporation, so long as the discussion related to the former employee's conduct and knowledge gained during employment." *Indergrit v. Rite Aid Corp.*, 2016 WL 6441566, at *3 (S.D.N.Y. Oct. 31, 2016). Thus, as a threshold matter, PwC may not inquire into any aspect of Ms. Ferber's conversations with former MF Global employees to the extent those conversations were related, directly or indirectly, to their conduct as employees *or* to knowledge they gained during employment. The same is true for any intended questions about such topics posed to the former employees themselves. *See United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousement & Helpers of Am.*, 119 F.3d 210, 214-15 (2d Cir. 1997) (corporation's privilege belongs to corporation, not individual employees); *Indergrit*, 2016 WL 64415, at *3 ("Because the privilege is Rite Aid's and not the personal privilege of [the former employees], none of these individuals has the ability to waive the privilege; only Rite Aid can waive the privilege.").

This categorical bar then begs the question: What remaining testimony regarding Ms. Ferber's "post-bankruptcy communications" with former MF Global employees could possibly be relevant to the instant action? The answer, of course, is none, or certainly none that PwC has proferred. Therefore, Ms. Ferber's testimony concerning her "post-bankruptcy communications" should be precluded at trial as either privileged or irrelevant.

## CONCLUSION

For all the foregoing reasons, the Plan Administrator respectfully requests that its motion be granted.

Dated: New York, New York
January 20, 2017

                                              Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/ Daniel J. Fetterman
Daniel J. Fetterman (DFetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:    (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Plaintiff*

3