UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

MF GLOBAL HOLDINGS LTD., AS PLAN
ADMINISTRATOR,                                    Case No. 14-cv-2197 (VM)(JCF)

                              Plaintiff,

     - against -

PRICEWATERHOUSECOOPERS LLP,

                              Defendant.

---------------------------------


**PLAINTIFF'S FIFTH MOTION *IN LIMINE* AND MEMORANDUM
OF LAW TO EXCLUDE CERTAIN EXHIBITS AND TO LIMIT
<u>REFERENCES TO CURRENT OR FORMER CLAIM HOLDERS</u>**


KASOWITZ, BENSON, TORRES
    & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel:      (212) 506-1700
Fax:      (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As
Plan Administrator*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

I.  THE CREDITOR EXHIBITS AND RELATED REFERENCES ARE IRRELEVANT ...... 3

II. PWC SEEKS TO INTRODUCE CONFUSING AND UNDULY PREJUDICIAL
    EVIDENCE................................................................................................................ 4

CONCLUSION...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*,
    No. 04 Civ. 10014, 2009 U.S. Dist. LEXIS 89183 (S.D.N.Y. Sep. 28, 2009) ...................... 4-5

*Koufakis v. Carvel*,
    425 F.2d 892 (2d Cir. 1970)........................................................................................4

*United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*,
    112 F. Supp. 3d 122 (S.D.N.Y. 2015)........................................................................5

**Other Authorities**

Federal Rule of Evidence 401 ........................................................................................3

Federal Rule of Evidence 402 ....................................................................................1, 3

Federal Rule of Evidence 403 .................................................................................1, 3, 4

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or "Plan Administrator"), respectfully submits this motion *in limine* to preclude PricewaterhouseCoopers LLP ("PwC") from introducing certain documents relating to current or former claim holders of the bankrupt entities and from using derogatory terms or inflammatory language to refer to those claim holders.

## PRELIMINARY STATEMENT

In the exhibit list submitted with the Joint Pretrial Order on January 13, 2017, PwC added several documents demonstrating its intent to put in evidence concerning claim holders of the Plan Administrator.  These proposed trial exhibits relate to institutional investors and are not in any way relevant to the determination of liability or measure of damages in this case.  Indeed, the only possible use for these exhibits at trial is wholly improper: to taint the jury against the Plan Administrator.

Federal Rules of Evidence 402 and 403 squarely prohibit PwC from introducing these documents, requiring that the trier of fact consider only evidence relevant to the claims at hand while avoiding the danger of unfair prejudice.  These documents are not relevant and do have great potential to inflict undue prejudice on Plaintiff, and should therefore be excluded from trial.  Further, PwC should be precluded from using derogatory terms or inflammatory language to describe any current or former claim holders of the Plan Administrator.

## BACKGROUND

MF Global filed a voluntary Chapter 11 bankruptcy petition on October 31, 2011.  *See* MF Global's Complaint [Dkt. No. 2], ¶¶ 7-8, 144.  Other related parties also filed voluntary Chapter 11 bankruptcy petitions, and the collective debtors' cases were jointly administered by the S.D.N.Y. Bankruptcy Court.  *Id.*, ¶ 8.  Subsequent to these Chapter 11 filings, a plan of liquidation was confirmed for the collective debtors, including MF Global.  *Id.*, ¶¶ 8, 11.

In accordance with the *Second Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for the Debtors*, Plaintiff is "the assignee of all right, title, and interest of [MF Global] including but not limited to MF Global's claims against PwC." *Id.*, ¶¶ 8, 11. MF Global Holdings Ltd., as Plan Administrator, has at all times acted as plaintiff in this action. In accordance with the Plan, the Plan administrator is governed by a board of directors. The Plan further provides for the appointment of a "Director Selection Committee" to select board members.

On January 13, 2017, the parties submitted to the Court their Joint Pretrial Order, which contained, among other pretrial disclosures, a list of each party's proposed exhibits. In its exhibit list, PwC identified the following exhibits (collectively, the "Creditor Exhibits"):

- DX 892, *Notice of Appointment of (I) Director Selection Committee Members, (II) Plan Trustees, (III) Litigation Trust Committee Member, and (IV) Sean Gumbs as a Director of MF Global Holdings Ltd.*, dated March 18, 2015, from MF Global's bankruptcy docket [No. 11-15059-MG] that *inter alia* appointed representatives of Knighthead Capital Management, LLC, Cyrus Capital Partners, L.P. and Caspian Capital LP as members of the Director Selection Committee of the Plan Administrator (*see* Declaration of Ryan P. Montefusco ("Montefusco Decl."), Ex. 25);

- DX 893, purporting to be "Part 2A of Form ADV: Firm Brochure" for Cyrus Capital Partners, L.P., dated March 30, 2016 (*see* Montefusco Decl., Ex. 26);

- DX 894, purporting to be "Part 2A of Form ADV:  Firm Brochure" for Knighthead Capital Management, LLC, dated July 28, 2016 (*see* Montefusco Decl., Ex. 27); and

- DX 895, purporting to be "Form ADV Part 2A: Firm Brochure" for Caspian Capital LP, dated August 25, 2016 (*see* Montefusco Decl., Ex. 28).

The Creditor Exhibits all post-date the collapse of MF Global and the filing of its Chapter 11 petition -- and thus post-date PwC's work as MF Global's independent auditor that is at issue in this litigation. These documents do not have any discernible relation to the claims and defenses to be tried.

## ARGUMENT

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). When the Creditor Exhibits are viewed collectively, they are so clearly irrelevant to the claims and defenses anticipated at trial that the conclusion is inescapable that PwC seeks to use the Creditor Exhibits to somehow prejudice the jury against the Plan Administrator by characterizing the creditors responsible for appointing the directors of the Plan Administrator. The Creditor Exhibits should be excluded under Federal Rules of Evidence 402 and 403. PwC should also be precluded from referencing any current or former claim holders of the Plan Administrator using derogatory terms or inflammatory language.

## I.    THE CREDITOR EXHIBITS AND RELATED REFERENCES ARE IRRELEVANT

The Creditor Exhibits offer no discernible relevance to either party's claims or defenses in this action. In fact, DX 893-895, purporting to be promotional brochures for investment advisors registered with the S.E.C., contain *no* reference to either party to this action. *See* Montefusco Decl., Exs. 26 - 28. Instead, these documents purport to describe the "qualifications and business practices" of non-parties, all of which post-date the filing of the Complaint in this action. *See id.* PwC cannot show how any of this information about members of the Director Selection Committee is relevant to the Plan Administrator's claim that PwC's negligence caused substantial harm to MF Global. Thus, these documents should be excluded as irrelevant. *See* Fed. R. Evid. 401 ("[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Fed R. Evid. 402 ("Irrelevant evidence is not admissible.").

## II.     PWC SEEKS TO INTRODUCE CONFUSING AND UNDULY PREJUDICIAL EVIDENCE

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.  Fed. R. Evid. 403.  PwC's attempt to introduce or elicit testimony regarding the Creditor Exhibits, or reference any current or former claim holder of the Plan Administrator in inflammatory terms, is improper and precluded by Rule 403 for a number of reasons.

For example, PwC may seek to use the Creditor Exhibits to suggest that any damages award will go to wealthy investment funds.  Any testimony related to the wealth of implied beneficiaries of any recovery in this action would be unduly prejudicial.  *See, e.g., Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (stating that "totally irrelevant and unwarranted question[s]" and remarks suggesting that damages should be influenced by consideration of the parties' respective wealth, are grounds for a new trial).

Second, the introduction of the Creditor Exhibits would permit PwC to implicitly portray the Plan Administrator as controlled by hedge funds, and allow PwC to potentially exploit inflammatory descriptors to reference the Plan Administrator.  To prevent prejudicial statements under Rule 403, the Court should preclude the parties from using inflammatory terms, in form or in substance, to describe or discuss the Plan Administrator or current or former claim holders of the Plan Administrator, including but not limited to, the following: hedge funds, vulture funds, tax havens, opportunistic investors, and distressed-debt investors.[1]  *See Aristocrat Leisure Ltd. v.*

---

[1] Although the terms "hedge fund" or "distressed debt investors" are not inherently inflammatory, PwC should not be permitted to prejudice the jury by using those terms in a derogatory manner or try to benefit from the public interest in many recent high-profile prosecutions against hedge funds in this jurisdiction.

*Deutsche Bank Tr. Co. Ams.*, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (granting in part motion *in limine* and prohibiting the use of "pejorative terms when such categorizations were inflammatory and unnecessary to prove a claim" and cautioning the parties against "using inflammatory terms and making derogatory statements that do not bear on the issues being tried, including, but not limited to, 'tax haven'"); *United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 139-140 (S.D.N.Y. 2015) (granting in part motion *in limine* and precluding parties from disparaging investment entities for investing in distressed assets, finding that "[i]t is of no assistance to a jury to know that Fortress chooses to invest in other distressed assets").

## **CONCLUSION**

For all the foregoing reasons, the Plan Administrator respectfully requests that its motion be granted.

Dated:  New York, New York
           January 20, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP

By:  /s/    Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:        (212) 506-1700
Fax:        (212) 506-1800

*Attorneys for Plaintiff*

5