UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>      Plaintiff,<br><br>- against -<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>      Defendant. | Case No. 14-cv-2197 (VM)(JCF) |

**PLAINTIFF'S SIXTH MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO PRECLUDE DEFENDANT FROM CALLING RICHARD KATZ LIVE AT TRIAL**

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel: (212) 506-1700
Fax: (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

# TABLE OF CONTENTS

                                                                         **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

I.    PWC MAY NOT CALL MR. KATZ AS A PERCIPIENT WITNESS ................................ 3

II.   PWC MAY NOT CALL MR. KATZ AS A LIVE CORPORATE REPRESENTATIVE ..... 4

CONCLUSION ........................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Perry v. Ethan Allen, Inc.*, 115 F.3d 143 (2d Cir. 1997)..................................................................3

**Rules**

Federal Rule of Civil Procedure 30 ....................................................................................1, 2, 3, 4

Federal Rule of Civil Procedure 32 ...............................................................................................4

Federal Rules of Evidence 402 ......................................................................................................3

Federal Rules of Evidence 403 ......................................................................................................3

Federal Rules of Evidence 602 ......................................................................................................3

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or the "Plan Administrator"), respectfully submits this motion *in limine* to preclude PricewaterhouseCoopers LLP ("PwC") from calling Richard Katz ("Mr. Katz") as a live witness.

## PRELIMINARY STATEMENT

In its witness list in the joint pretrial order ("JPTO"), PwC named Richard Katz as a live witness to testify on three topics:  i) the potential sale of MF Global in October 2011, ii) evidence of MF Global transactions that would defeat sales accounting for Euro RTMs, and iii) the responsibilities of the Plan Administrator.  However, because Mr. Katz has already testified in a deposition as a corporate representative on those exact topics, and because he was not affiliated with MF Global in any way prior to its bankruptcy, calling Mr. Katz as a live witness to testify about these topics would violate the Federal Rules of Civil Procedure and Evidence, and would result in irrelevant, inadmissible, cumulative and/or prejudicial testimony.

## FACTUAL BACKGROUND

MF Global filed a bankruptcy petition on October 31, 2011.  Mr. Katz became a member of the Plan Administrator's Board in connection with the Bankruptcy Plan on June 4, 2013, and had no prior connection to MF Global.  The Plan Administrator filed this lawsuit on March 28 2014, and the Plaintiff's claims concern events that all preceded MF Global's bankruptcy. During the discovery phase of this litigation, PwC served a Notice of Deposition of Plaintiff MF Global Holdings Ltd., as Plan Administrator, pursuant to Federal Rule of Civil Procedure 30(b)(6).  Declaration of Ryan P. Montefusco ("Montefusco Decl."), Ex. 10.  On June 12, 2015, Plaintiff served its Responses and Objections to this Notice of Deposition.  Montefusco Decl., Ex. 11.  Plaintiff designated Mr. Katz to testify on its behalf for purposes of the non-objectionable deposition topics in the notice of deposition, including, among others, the Plan Administrator's "role and responsibilities" (*id.* at 5), its "analysis and investigation . . . relating to

MF Global's . . . efforts to sell, dispose of or transfer, any of its assets, investments, positions, businesses or business segments" prior to the bankruptcy (*id.* at 7), and the "subjects covered in PwC's First Set of Interrogatories," which concerned MF Global's transactions of bonds underlying Euro RTMs in the two day gap prior to the bond's maturity date (*id.* at 9, and together, the "30(b)(6) Topics").

Mr. Katz's deposition was taken on July 24, 2015, exclusively in his capacity as corporate representative of the Plan Administrator, and at his deposition, Mr. Katz testified at length concerning the 30(b)(6) Topics.  Montefusco Decl., Ex. 12 at, *e.g.*, 25:4-24, 103:13-108:20, and 112:20-143:14, and Exs. 13-15.  He also testified that he had no connection with the Plaintiff or MF Global or any of its affiliates until mid-2013.  *Id*. at 20-21.

On January 13, 2017, PwC identified Mr. Katz as an "In Person" witness on its witness list as part of the JPTO submitted to this Court.  PwC summarized the expected topics of his trial testimony as follows:  "Mr. Katz . . . was previously deposed as the Plan Administrator's Rule 30(b)(6) witness.  He is expected to testify regarding the responsibilities of the Plan Administrator, MF Global's efforts to sell its business and/or some or all of its assets in fiscal year 2012 [which would have ended on March 31, 2012], and the Plan Administrator's 'evidence' of MF Global transactions involving European sovereign bonds two days before their maturity dates."  *See* January 13, 2017 Joint Pre-Trial Order at 25.  PwC apparently intends to call Mr. Katz as a live witness, inasmuch as it has not designated any testimony from Mr. Katz's 30(b)(6) videotaped deposition in its JPTO submissions.

While PwC did not specify that Mr. Katz would be called to testify as a corporate representative, PwC's intent to use Mr. Katz as a live corporate representative of the Plaintiff can be inferred because all three topics noted in the JPTO were among the 30(b)(6) Topics covered at

2

his deposition and Mr. Katz has no personal knowledge of any relevant matters. The Plan Administrator now moves to preclude the live testimony of Mr. Katz as improper, irrelevant, inadmissible, and/or unduly prejudicial.

## ARGUMENT

**I.     PWC MAY NOT CALL MR. KATZ AS A PERCIPIENT WITNESS**

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). In the event PwC attempts to call Mr. Katz in his personal capacity, his testimony should be precluded under Fed. R. Evid. 402, 403, and 602. The evidentiary rules are clear that "a witness may testify only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Mr. Katz became a director of the Plan Administrator's Board on June 4, 2013, more than eighteen (18) months after MF Global's bankruptcy. This lawsuit concerns PwC's professional malpractice prior to the bankruptcy, and no facts relevant to that claim, nor any relevant to PwC's defenses, transpired during Mr. Katz's tenure as a board member. He therefore has no personal knowledge of any relevant facts, including MF Global's pre-bankruptcy efforts to sell all or parts of its assets or business, one of the three topics noted for Mr. Katz's testimony in the JPTO. Also, while MF Global's ability to transact bonds in the two-day gap period clearly is relevant to the Plan Administrator's malpractice claim against PwC, Mr. Katz's knowledge of those transactions is derived exclusively from his review of pre-bankruptcy corporate documents and communications with counsel since he had no connection to MF Global when the transactions occurred. Any live, percipient witness testimony he might be able to offer regarding the documents that evidence such transactions is irrelevant and less probative than what the documents themselves demonstrate, as he testified in his 30(b)(6) testimony on the same topic.

It is clear from other portions of the JPTO that PwC intends to elicit evidence from other witnesses about the other litigation arising out of the bankruptcy of MF Global, settlements obtained by the Litigation Trustee, and who would stand to benefit from any recovery against PwC.  The Plan Administrator is moving to preclude all such evidence as irrelevant and/or prejudicial for the reasons set forth in other motions *in limine*.  *See* Plaintiff's Second and Fifth Motions *in Limine*.  PwC has also identified Nader Tavakoli, who is also on the board of the Plan Administrator and can surely testify as to those responsibilities.  Mr. Katz's testimony based on his personal knowledge as a fellow board member would be cumulative of evidence that PwC is seeking to elicit from other witnesses and is less probative than Mr. Tavakoli's testimony and Mr. Katz's 30(b)(6) deposition testimony on the same topic.

## II.   PWC MAY NOT CALL MR. KATZ AS A LIVE CORPORATE REPRESENTATIVE

PwC's identification of Mr. Katz seems to be premised on an obvious misinterpretation of the Federal Rules of Civil Procedure and of Evidence.  There is no provision in the procedural rules for a corporate party to be called to testify at trial through a live designee witness.  Rather, Federal Rule 30(b)(6) concerns only pre-trial discovery through a deposition, not live trial testimony, and Rule 32(a)(3), which permits the use of such deposition testimony at trial, provides the <u>only</u> mechanism through which a corporate designee's testimony can be elicited at trial.  Fed. R. Civ. P. 30, 32.[1]

## CONCLUSION

For all the foregoing reasons, the Plan Administrator respectfully requests that PwC be precluded from calling Richard Katz as a live trial witness.

---

[1] PwC has not designated any portions of Mr. Katz's deposition in the JPTO.

4

Dated: New York, New York
January 20, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/   Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:      (212) 506-1700
Fax:     (212) 506-1800

*Attorneys for Plaintiff*