UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MF GLOBAL HOLDINGS LTD., AS PLAN
ADMINISTRATOR,

                              Plaintiff,

    - against –

PRICEWATERHOUSECOOPERS LLP,

                          Defendant.

---

Case No. 14-cv-2197 (VM)(JCF)

 

# PLAINTIFF'S SEVENTH MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING <u>THE STATUTE OF LIMITATIONS</u>

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel:      (212) 506-1700
Fax:     (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

I.      DEFENDANT'S STATUTE OF LIMITATIONS EVIDENCE IS NOT
        RELEVANT AND WOULD BE PREJUDICIAL ............................................................ 4

CONCLUSION ...................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007)......................................................................................................3, 4

*MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*,
  No. 14-cv-2197, 2016 WL 4197062 (S.D.N.Y. Aug. 5, 2016)...............................................1, 2

*Ndremizara v. Swiss Re Am. Holding Corp.*,
  93 F. Supp. 3d 301 (S.D.N.Y. 2015)...........................................................................................3

*New York v. Adamowicz*,
  932 F. Supp. 2d 340 (E.D.N.Y. 2013) .........................................................................................3

*Perry v. Ethan Allen, Inc.*,
  115 F.3d 143 (2d Cir. 1997).........................................................................................................3

**Other Authorities**

18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478
  (1981)...........................................................................................................................................3

Federal Rule of Evidence 401 .......................................................................................................3, 4

Federal Rule of Evidence 402 .......................................................................................................3, 4

Federal Rule of Evidence 403 ..........................................................................................................4

Plaintiff MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or "Plan Administrator") submits this motion *in limine* for an order precluding PricewaterhouseCoopers LLP ("Defendant" or "PwC") from introducing evidence as to whether claims based on PwC's 2010 audit work are precluded by the statute of limitations.

## PRELIMINARY STATEMENT

By this motion, the Plan Administrator seeks to exclude evidence that its claims based on PwC's Fiscal Year 2010 audit work for MF Global are precluded by the statute of limitations. This Court already considered and rejected PwC's statute of limitations defense in its August 5, 2016 Summary Judgment Decision and Order holding that record evidence showed PwC's "ongoing representation" of MF Global in May 2011 "connected to the Fiscal Year 2010 financial statements," within three years of the filing of this action. *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, No. 14-cv-2197, 2016 WL 4197062, at *21 (S.D.N.Y. Aug. 5, 2016). Nevertheless, PwC apparently intends to assert a statute of limitations defense at trial. *See* January 13, 2017 Joint Pre-Trial Order at 3. The Court's Summary Judgment decision is the "law of the case" and as such governs the issue for the remainder of the litigation. Therefore, any evidence in support of PwC's statute of limitations defense is irrelevant, likely to be prejudicial (if admissible), and would result in undue delay and a waste of resources. As such, the PwC statute of limitations evidence should be excluded.

## FACTUAL BACKGROUND

In its motion for summary judgment, PwC sought dismissal of the Plan Administrator's claims arising from PwC's audit for Fiscal Year 2010 arguing that the three-year statute of limitations period for auditor malpractice expired since the limitations period ordinarily began the date the audit was issued, here May 27, 2010, and the complaint was not filed until March 28,

2014.  PwC's Summary Judgment Brief ("PwC Br.") at pp. 29-30 (Dkt. No. 46).[1]  In support of

its statute of limitations defense, PwC cited testimony from Linda McGowan, the 2010

engagement partner, who testified that the 2010 audit ended when MF Global filed its 2010 Form

10-K.  PwC Br. at p. 30.[2]  In response, the Plan Administrator argued, and this Court agreed, that

the continuous representation doctrine applied, which in the context of a client/auditor

relationship provides that if an auditor continued to provide services on an audit for a fiscal year,

the claim does not accrue for the purpose of the statute of limitations until the conclusion of the

auditor's work on that year's audit.  Plan Administrator's Summary Judgment Brief ("PA Br.")

at pp. 29-30 (*citing Williamson v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 7 (2007)) (Dkt.

No. 49).  Specifically this Court found that "[t]he record evidence is sufficient to show PwC's

'ongoing representation' of MF Global connected to the Fiscal Year 2010 financial statements . .

. [and] [a]ccordingly, the Court will not grant summary judgment barring the Plan

Administrator's claims arising out of PwC's work on the Fiscal Year 2010."  Dec. at p. 68.

Additionally, the Plan Administrator argued that PwC advised MF Global on its response

to an SEC comment letter about its 2010 Form 10-K in June 2011, and that that work was related

to the 2010 audit.  PA Br. at pp. 29-30; *MF Global*, 2016 WL 4197062, at *67.  Regarding the

SEC comment letter, the Court stated that Linda McGowan, the 2010 engagement partner,

"participated actively in response to the SEC letter, reviewing multiple drafts of MF Global's

responses" and that PwC "continued to review and identify corrections to the Fiscal Year 2010

audit of the DTA into 2011", pointing to a workpaper prepared by PwC in April 2011 detailing

---

[1] Copies of any summary judgment material can be provided at the Court's request.
[2] Specifically, PwC cited p. 98:02-98:14 from Linda McGowan's May 15, 2015 deposition. *See* January 29, 2016 Declaration of J. Emmet Murphy in Support of PwC's Motion for Summary Judgement at Ex. 8, (Dkt. No. 47).

conclusions its reached in the 2010 audit.  *MF Global*, 2016 WL 4197062, at \*66-68.

### ARGUMENT

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *New York v. Adamowicz*, 932 F. Supp. 2d 340, 345 (E.D.N.Y. 2013) (quoting *DiLaura v. Power Auth. of N.Y.*, 982 F.3d 73, 76 (2d Cir. 1992)).  "[D]eparture from the law of the case is justified only when there are cogent and compelling reasons for doing so."  *Id*. (internal quotations omitted). These reasons are absent except in extraordinary circumstances such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 790 (1981) (footnote omitted).  A "mere disagreement with the Court's [prior] analysis" is insufficient to justify a departure from the law of the case doctrine.  *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 315 (S.D.N.Y. 2015).

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference.  *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997).  It is axiomatic that only relevant evidence is admissible.  Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  "Even relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (quoting Fed. R. Evid. 403).

## I.   DEFENDANT'S STATUTE OF LIMITATIONS EVIDENCE IS NOT RELEVANT AND WOULD BE PREJUDICIAL

As discussed above, this Court has already considered and rejected PwC's statute of limitations defense based on PwC's Fiscal Year 2010 audit work.  This Court's determination is law of the case as there is no cogent and compelling reason to depart from the Court's decision. Because this Court's decision is law of the case, any evidence in support of PwC's statute of limitations defense is wholly irrelevant, including specifically, Linda McGowan's testimony regarding when the 2010 audit ended since such evidence cannot "prove a fact that is of consequence to the determination of the action." *Arlio*, 474 F.3d at 53.  Therefore the statute of limitations evidence should be excluded under the Federal Rules of Evidence 401 and 402.

Furthermore, should PwC attempt to introduce this evidence for another purpose, the Court should exclude it from doing so because such evidence would only cause confusion and unfair prejudice.  While PwC may claim that this evidence has some other purpose, its intention will be to try to convince the jury that the three-year statute of limitations for the Plan Administrator's malpractice claims arising from PwC's audit for Fiscal Year 2010 expired.  This is an improper conclusion for the jury to draw since the Court has already decided as a matter of law that PwC's 'ongoing representation' of MF Global in 2011 was connected to the Fiscal Year 2010 financial statements.  Introducing this evidence would prejudice the Plan Administrator and therefore should be excluded under Federal Rules of Evidence 403.

4

**CONCLUSION**

For the reasons set forth above, the Plan Administrator respectfully requests that this

Court enter an order excluding evidence regarding whether claims based on PwC's 2010 audit

work are precluded by the statute of limitations.

Dated: New York, New York
       January 20, 2017

                         Respectfully submitted,

                         KASOWITZ, BENSON, TORRES
                           & FRIEDMAN LLP

                         By: /s/ *Daniel J. Fetterman*
                         Daniel J. Fetterman (dfetterman@kasowitz.com)
                         Michael C. Harwood (mharwood@kasowitz.com)
                         Trevor J. Welch (twelch@kasowitz.com)
                         David J. Mark (dmark@kasowitz.com)
                         Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
                         Christian T. Becker (cbecker@kasowitz.com)

                         1633 Broadway
                         New York, New York 10019
                         Tel:     (212) 506-1700
                         Fax:    (212) 506-1800

                         *Attorneys for Plaintiff*