UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MF GLOBAL HOLDINGS LTD., AS PLAN
ADMINISTRATOR,

                Plaintiff,

- against –

PRICEWATERHOUSECOOPERS LLP,

                Defendant.

Case No. 14-cv-2197 (VM)(JCF)

---

**PLAINTIFF'S EIGHTH MOTION *IN LIMINE* AND MEMORANDUM
OF LAW TO PRECLUDE DEFENDANT FROM OFFERING CUMULATIVE
<u>EXPERT TESTIMONY BY SANDRA JOHNIGAN AND TIMOTHY S. LUCAS</u>**

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799
Tel:     (212) 506-1700
Fax:    (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

# TABLE OF CONTENTS

                                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

CONCLUSION ........................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*F.H. Krear & Co. v Nineteen Named Trs.*,
   810 F.2d 1250 (2d Cir. 1987)............................................................................................3

*Int'l Minerals and Res., S.A. v. Pappas*,
   96 F.3d 586 (S.D.N.Y. 1996)............................................................................................3

*Price v. Fox Entm't Group, Inc.*,
   499 F.Supp.2d 382 (S.D.N.Y. 2007).................................................................................3

**Other Authorities**

Federal Rules of Evidence 401 ................................................................................................3

Federal Rules of Evidence 402 ................................................................................................3

Federal Rules of Evidence 403 ................................................................................................3

Plaintiff MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or the "Plan Administrator"), submits this motion *in limine* for an order precluding PricewaterhouseCoopers LLP ("Defendant" or "PwC") from offering cumulative expert testimony by Sandra Johnigan and Timothy S. Lucas.

## PRELIMINARY STATEMENT

Sondra Johnigan and Timothy S. Lucas both submitted expert reports in this action on behalf of PwC analyzing PwC's audit and review of MF Global's accounting for European sovereign repurchase-to-maturity transactions ("Euro RTMs") as sales under Accounting Standards Codification Topic 860 ("ASC 860").[1] There is substantial overlap between the opinions expressed and potential testimony by Ms. Johnigan and Mr. Lucas. Indeed, there are more than *fifty* overlapping paragraphs total between their expert reports. Both Ms. Johnigan and Mr. Lucas opined that PwC's analysis and approval of MF Global's accounting for Euro RTMs as sales under ASC 860 was reasonable. Ms. Johnigan and Mr. Lucas also responded to certain opinions proffered by Plaintiff's accounting expert, Lynn E. Turner. Given the tremendous duplication of opinions and potential testimony, the potential for jury confusion and the undue delay and waste of resources, PwC should be precluded from offering cumulative testimony by both Ms. Johnigan and Mr. Lucas at trial.

## BACKGROUND

Mr. Lucas and Ms. Johnigan are both Certified Public Accountants. Declaration of Ryan P. Montefusco ("Montefusco Decl."), at Ex. 16, ¶ 1 (the "Lucas Report") and Montefusco Decl., Ex. 17, ¶ 5 (the "Johnigan Report"). In each of their respective reports, both Mr. Lucas and Ms. Johnigan provide an overview of Generally Accepted Accounting Principles ("GAAP"),

---

[1] This motion is not intended to preclude Ms. Johnigan's testimony concerning the accounting for MF Global's deferred tax assets -- a subject on which Mr. Lucas does *not* opine.

repurchase agreements, and the genesis for accounting for repurchase transactions as sales under ASC 860 and its predecessors.  *See* Lucas Report, at ¶¶ 10-24; Johnigan Report, at ¶¶ 11-12, 27-39.

Mr. Lucas and Ms. Johnigan both disagree with Mr. Turner's opinion concerning the accounting treatment for MF Global's Euro RTMs under ASC 860.[2]  Lucas Report, at ¶ 26-35[3]; Johnigan Report, at ¶ 46-57.  With respect to the first two prongs of ASC 860, isolation and transferee's rights, both Mr. Lucas and Ms. Johnigan opine that contrary to Mr. Turner's assertion, these criteria were met, enabling MF Global to account for the Euro RTMs as sales. Lucas Report, at ¶¶ 26-28; Johnigan Report, at ¶ 54.  Both Mr. Lucas and Ms. Johnigan analyze the "effective control" prong of ASC 860.  Lucas Report, at ¶ 29; Johnigan Report, at ¶¶ 17-18.  Both experts focus on Mr. Turner's example of a transaction where MF Global sold an Irish bond to Société Générale and then entered into another transaction involving the same bond with BNP Paribas.  Lucas Report, at ¶¶ 32-33; Johnigan Report, at ¶¶ 17-19, 21, 50-53.  Both Mr. Lucas and Ms. Johnigan conclude that the transactions between MF Global, Société Générale, and BNP Paribas were not sales.  Lucas Report, at ¶¶ 32-33; Johnigan Report, at ¶¶ 50-53.  In Mr. Lucas' and Ms. Johnigan's opinions, the judgment made by PwC that MF Global could account for the Euro RTMs as sales was a reasonable application of ASC 860.  Lucas Report, at ¶ 26-35; Johnigan Report, at ¶ 36-57, 121.

---

[2] The three criteria for sales accounting treatment under ASC 860 are: (i) isolation of transferred financial asset such that it would be beyond the reach of the transferor and its creditors, (ii) transferee's rights to pledge or exchange the asset; and (iii) effective control.  ASC 860-10-40-5.
[3] With respect to Mr. Turner's basis for concluding that the repos at issue here are not true RTMs under ASC 860, Mr. Lucas concedes: "I accept that it can be read that way."  Lucas Report at ¶ 30.

2

**ARGUMENT**

This Court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). Relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Only relevant evidence, however, is admissible. Fed. R. Evid. 402. This Court has the discretion to exclude relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following… [including] confusing the issues, . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This Court has the discretion to exclude cumulative evidence particularly when evidence of the facts are already before the jury. *See Int'l Minerals and Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996). PwC should be precluded from offering both Mr. Lucas and Ms. Johnigan's opinions on PwC's accounting of MF Global's Euro RTM transactions as their opinions are cumulative. *See Price v. Fox Entm't Grp., Inc.*, 499 F.Supp.2d 382, 390 (S.D.N.Y. 2007) (excluding one expert's report and testimony as there was "substantial overlap" between the first and second proposed experts' reports); *see also F.H. Krear & Co. v Nineteen Named Trs.*, 810 F.2d 1250, 1258 (2d Cir. 1987) (the district court properly excluded proposed expert testimony in light of identical evidence offered by other witnesses).

The overviews of GAAP, the genesis of ASC 860, and repurchase transactions provided by Mr. Lucas and Ms. Johnigan are clearly cumulative and would not provide the jury with additional information that would make the facts true. *Compare* Lucas Report, at ¶¶ 10-24 with Johnigan Report, at ¶¶ 11-12, 27-39. Mr. Lucas and Ms. Johnigan also reach the same conclusion that the three prongs on ASC 860 were met and MF Global's Euro RTMs qualified as

sales.  *Compare* Lucas Report, at ¶¶ 26-35 with Johnigan Report, at ¶¶ 46-57.  Likewise, Mr. Lucas and Ms. Johnigan analyze the same transactions involving the Irish bond discussed in Mr. Turner's report, and both reach the same conclusion that the transactions with Société Générale and BNP Paribas did not constitute sales.  *Compare* Lucas Report, at ¶¶ 32-33 with Johnigan Report, at ¶¶ 17-19, 21, 50-53.  PwC should not be permitted to waste the jury's time, or the Court's time, in providing duplicative expert testimony on PwC's accounting treatment for MF Global's Euro RTMs.

## CONCLUSION

For the reasons set forth above, the Plan Administrator respectfully requests that this Court enter an order precluding PwC from offering both Mr. Lucas and Ms. Johnigan to provide an overview of GAAP, repurchase agreements, and the genesis of ASC 860.  PwC should also be required to choose one expert, either Mr. Lucas or Ms. Johnigan, who will present their opinions regarding PwC's accounting of MF Global's Euro RTMs at trial.

Dated: New York, New York
January 20, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/    Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:      (212) 506-1700
Fax:     (212) 506-1800

*Attorneys for Plaintiff*