UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>      Plaintiff,<br><br>- against –<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>      Defendant. | Case No. 14-cv-2197 (VM)(JCF) |

### PLAINTIFF'S TENTH MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO PRECLUDE TESTIMONY FROM CHRISTOPHER L. CULP, PH.D. PERTAINING TO HIS SUPPLEMENTAL REPORT

    KASOWITZ, BENSON, TORRES
      & FRIEDMAN LLP
    1633 Broadway
    New York, New York 10019-6799
    Tel:  (212) 506-1700
    Fax:  (212) 506-1800

    *Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

# **TABLE OF CONTENTS**

**Page**

Preliminary Statement ................................................................................................................... 1

I.    DR. CULP'S TESTIMONY WOULD BE Prejudicial ............................................................ 2

Conclusion ..................................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arlio v. Lively*,
    474 F.3d 46 (2d Cir. 2007) ...................................................................................................... 3

*Lidle v. Cirrus Design Corp.*,
    No. 08 Civ. 1253, 2009 WL 4907201 (S.D.N.Y. Dec. 18, 2009) ............................................ 2

**Other Authorities**

Federal Rule of Civil Procedure 26(a)(2)(B) ................................................................................. 2

Federal Rule of Evidence 403 .................................................................................................... 2, 3

Plaintiff MF Global Holdings Ltd., as Plan Administrator submits this motion *in limine* for an order precluding PricewaterhouseCoopers LLP's ("Defendant" or "PwC") expert Christopher L. Culp, Ph.D. ("Dr. Culp") from testifying regarding his newly crafted analysis and opinion contained in a document titled "Corrections to Expert Report of Christopher L. Culp, Ph. D (9/21/15)" (the "Supplemental Expert Report") served by PwC in this action on January 14, 2017.[1]

## PRELIMINARY STATEMENT

On January 14, 2017, PwC served a document misleadingly entitled "Corrections to Expert Report of Christopher L. Culp, Ph. D," but which actually includes (in addition to some minor corrections) a brand new analysis of statistics that were fully available at the time of his initial report but which he chose not to include back then. By this motion, the Plan Administrator seeks to preclude Dr. Culp from testifying regarding any additional analysis or opinion contained in his Supplemental Expert Report.

First, Dr. Culp's expert report in this matter was due and submitted on September 21, 2015 ("Original Expert Report"), meaning PwC had more than fifteen months to make what it calls "corrections" but instead waited until the eve of trial to do so. Second, what Dr. Culp holds out as a "corrected" report is actually camouflage for an amended report containing new substantive analysis and opinion based on information that was known and available when he wrote his Original Expert Report. Finally, if permitted to testify regarding this new information the Plan Administrator would be unfairly prejudiced since it has not had a chance to question Dr.

---

[1] The Supplemental Expert Report is attached to the Declaration of Ryan P. Montefusco ("Montefusco Decl."), as Ex. 20. We note that the Plan Administrator is also submitting a Daubert motion concerning Dr. Culp's initial report on reliability grounds. This motion is directed solely at the aspects of his Supplemental Expert Report that actually contain a brand new analysis of previously available data.

Culp about his new analysis and opinion or submit a rebuttal report. As such, Dr. Culp's testimony regarding the Supplemental Expert Report is inadmissible under Federal Rules of Evidence 403 ("Rule 403").

## I.	DR. CULP'S TESTIMONY WOULD BE PREJUDICIAL

It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought. *See* Fed. R. Civ. P. 26(a)(2)(B) ("The [expert] report must contain [] a complete statement of all opinions the witness will express and the basis and reasons for them"). He may not supplement his report, especially not 15 months later and mere weeks before trial, with a new argument based on data that he had access to at the time of his earlier report. "It is only if the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete, that the duty to supplement arises." *Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253, 2009 WL 4907201, at *6 (S.D.N.Y. Dec. 18, 2009) (citation omitted). Here, as in *Lidle*, Dr. Culp's Supplemental Expert Report is not based on any "information that was previously unknown or unavailable to him." *Id*. In his Original Expert Report, Dr. Culp opines generally about the trading execution platform known as "MTS" and asserts that the "MTS has a specific requirement that bonds are de-listed for trading three days prior to the bond's maturity." *See* Montefusco Decl., Ex. 18, ¶ 68. In his Supplemental Expert Report, Dr. Culp adds a sentence to the end of paragraph 68 of his Original Expert Report in which he claims that he has now done an "analysis" regarding "MTS trading data" of "European sovereign debt instruments maturing by November 2011…." *See* Montefusco Decl., Ex. 20, ¶ 7. Inasmuch as he is discussing trading data for a period that ended nearly four years before he submitted his Original Expert Report, this information and analysis was available to Dr. Culp in September 2015 and therefore should

have been included in that report. Dr. Culp cannot now add supplemental information simply because he seeks to buttress his original opinion with old information he failed to include in his Original Expert Report.

To permit Dr. Culp to testify regarding his Supplemental Expert Report would be prejudicial to the Plan Administrator. The Case Management Order ("CMO") here set clear deadlines for expert reports and discovery. *See* July 14, 2015 Second Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 43).[2] PwC must abide by those deadlines and may only supplement its expert materials with truly new information that was unavailable at the time and is necessary to the accuracy of the original submissions. Accordingly, Dr. Culp's testimony regarding paragraph 68 as modified by the Supplemental Expert Report is inadmissible under Rule 403. *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

---

[2] In addition to the limitations in the CMO, the parties agreed that there would be no further expert discovery and that only rebuttal reports limited in scope to the issues raised in the responsive reports would be permitted. *See* Montefusco Decl., Ex. 21. The only basis for a supplemental report, therefore, would be if new information arose that required discussion to clarify or correct the initial report. The Supplemental Expert Report neither clarifies nor corrects Culp's Original Expert Report, but rather relies on old information to submit a new opinion.

## **CONCLUSION**

For the reasons set forth above, the Plan Administrator respectfully requests that this Court enter an order precluding Dr. Culp from testifying regarding his Supplemental Expert Report.

Dated: New York, New York
January 20, 2017

                                      Respectfully submitted,

                                      KASOWITZ, BENSON, TORRES
                                            & FRIEDMAN LLP

                                      By: /s/    Daniel J. Fetterman
                                      Daniel J. Fetterman (dfetterman@kasowitz.com)
                                      Michael C. Harwood (mharwood@kasowitz.com)
                                      Trevor J. Welch (twelch@kasowitz.com)
                                      David J. Mark (dmark@kasowitz.com)
                                      Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
                                      Christian T. Becker (cbecker@kasowitz.com)

                                      1633 Broadway
                                      New York, New York 10019
                                      Tel:      (212) 506-1700
                                      Fax:     (212) 506-1800

                                      *Attorneys for Plaintiff*