UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,

                         Plaintiff,

-against-

PRICEWATERHOUSECOOPERS LLP,

                         Defendant.

Case No. 14-cv-2197 (VM)

## PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* #1 TO PRECLUDE ANY SUGGESTION THAT PLAINTIFF IS OPERATING ON BEHALF OF THIRD PARTIES OR THE BANKRUPTCY COURT

Dated: January 20, 2017
       New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.   Evidence Concerning Potential Third-Party Beneficiaries Is Irrelevant and Unfairly Prejudicial. .................................................................................................. 2

    II.  Any Suggestion That Plaintiff Was "Appointed By" or Is Operating on Behalf of the Bankruptcy Court Would Be Misleading and Unfairly Prejudicial. ............................... 4

CONCLUSION ........................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Berger v. United States*,
   295 U.S. 78 (1935),
   *overruled on other grounds*,
   *Stirone v. United States*, 361 U.S. 212 (1960) ........................................................................... 5

*Caplin v. Marine Midland Grace Tr. Co. of N.Y.*,
   406 U.S. 416 (1972) ..................................................................................................................... 2

*DeAngelis v. Corzine* (*In re MF Global Holdings Ltd. Inv. Litig.*),
   998 F. Supp. 2d 157 (S.D.N.Y. 2014) ..................................................................................... 2, 3

*Hicks v. United States*,
   150 U.S. 442 (1883) ..................................................................................................................... 5

*In re Mediators, Inc.*,
   105 F.3d 822 (2d Cir. 1997) ........................................................................................................ 2

*In re MF Global Holdings Ltd.*,
   No. 11-15059-mg, Doc. 1382 ............................................................................................. 1, 4, 5

*Nat'l Jockey Club v. Ganassi*,
   No. 04-3743, 2009 WL 2177217 (N.D. Ill. July 21, 2009) ........................................................ 4

*Rep. of Colombia v. Diageo N. Am. Inc.*,
   531 F. Supp. 2d 365 (E.D.N.Y. 2007) ........................................................................................ 3

*Robert v. Streibich*,
   No. DV20100723, 2012 WL 10097049 (Mont. Dist. Ct. Oct. 2, 2012) ................................... 4

*Sabratek Liquidating LLC v. KPMG LLP*,
   No. 01 C 9582, 2003 WL 22715820 (N.D. Ill. Nov. 18, 2003) ................................................ 3

*Shearson Lehman Hutton, Inc. v. Wagoner*,
   944 F.2d 114, 120 (2d Cir. 1991) ............................................................................................... 2

**Other Authorities**

Federal Rule of Evidence 401 ........................................................................................................... 3

Federal Rule of Evidence 402 ................................................................................................... 2, 3, 6

Federal Rule of Evidence 403 ................................................................................................... 2, 3, 6

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of its motion to preclude Plaintiff, MF Global Holdings Ltd., as Plan Administrator (the "Plan Administrator"), from presenting to the jury any evidence or argument suggesting that (1) Plaintiff represents, asserts the claims of, or is seeking to recover for any person or entity other than MF Global Holdings Ltd. itself, or that third parties would benefit from any recovery by the Plan Administrator in this case; or (2) Plaintiff was "appointed by," or is operating with the blessing or approval of, the bankruptcy court.

## INTRODUCTION

Plaintiff, the Plan Administrator, brought this action on behalf of MF Global Holdings Ltd. ("MF Global") pursuant to MF Global's bankruptcy plan. Compl. ¶ 11. The plan, which was confirmed on April 5, 2013, and became effective on June 4, 2013, assigned to Plaintiff all MF Global's rights, title, and interests in the claims asserted in the Complaint. *Id.*; *see* Second Amended and Restated Joint Plan of Liquidation at §§ I.A.119, IV.C, *In re MF Global Holdings Ltd.*, No. 11-15059-mg, Doc. 1382 ("Second Amended Plan") (naming MF Global Holdings Ltd. as Plan Administrator).

While Plaintiff indirectly represents the interests of various entities, including hedge funds, investment banks, asset management firms, and investment advisors, Plaintiff may assert claims in this action only on behalf of MF Global itself and may not bring a claim on behalf of any other person or entity. PwC files this motion to ensure that Plaintiff does not attempt to develop the theme that it is suing on behalf, or for the benefit, of any person or entity other than MF Global. *See, e.g.*, R. Katz (July 24, 2015) Tr. 25:14–18 (Plaintiff's 30(b)(6) witness stating that Plaintiff "pursue[s] items of litigation on behalf of the estate and therefor[e] its creditors" and "seek[s] to maximize a return to creditors"). PwC also seeks to ensure that Plaintiff does not attempt to portray itself as an agent of the bankruptcy court that approved MF Global's

liquidation plan.  Such evidence or argument is inadmissible under Federal Rules of Evidence 402 and 403 because it is misleading, irrelevant, and unfairly prejudicial.

## ARGUMENT

I. **Evidence Concerning Potential Third-Party Beneficiaries Is Irrelevant and Unfairly Prejudicial.**

The Bankruptcy Code permits a debtor's successor-in-interest to assert only those claims belonging to the bankrupt entity, and it requires the successor to stand "in the shoes" of the debtor when asserting those claims.  *In re Mediators, Inc.*, 105 F.3d 822, 824–25 (2d Cir. 1997) (citing 11 U.S.C. §§ 541, 542); *accord* Joint Proposed Jury Charge No. 2.  The successor therefore has standing to assert only those claims "held by the bankrupt corporation itself"; he "has no standing generally to sue third parties on behalf of the estate's creditors."  *Mediators*, 105 F.3d at 826 (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991)); *see also Caplin v. Marine Midland Grace Tr. Co. of N.Y.*, 406 U.S. 416, 431–32, 434 (1972) (trustee has no standing to assert claims of creditors).  Consistent with those principles, Plaintiff's complaint does not purport to assert claims on behalf of any person or entity other than MF Global.

Because Plaintiff, the Plan Administrator, stands in the shoes of MF Global and may assert only claims belonging to MF Global's estate, any attempt by Plaintiff to suggest that it is pursuing claims on behalf, or for the benefit, of any person or entity other than MF Global would be misleading to the jury and irrelevant to the issues in this case.  Indeed, Plaintiff only has the privity required to bring a malpractice claim against PwC because it has stepped into the shoes of the company that signed the engagement contract with PwC; otherwise it could not have stated a claim.  *Cf. DeAngelis v. Corzine* (*In re MF Global Holdings Ltd. Inv. Litig.*), 998 F. Supp. 2d

157, 187–91 (S.D.N.Y. 2014) (dismissing claims brought against PwC by and on behalf of former commodities customers of MF Global).

Plaintiff's only remaining claim against PwC is for professional malpractice in connection with PwC's audits of MF Global's 2010 and 2011 financial statements. Evidence or argument concerning how a plaintiff would spend the proceeds of an award, or who else might benefit from the award, "has no bearing on whether the plaintiff's claims have merit." *Rep. of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365, 394 (E.D.N.Y. 2007); *see Sabratek Liquidating LLC v. KPMG LLP*, No. 01 C 9582, 2003 WL 22715820, at *5 (N.D. Ill. Nov. 18, 2003). Such evidence or argument would also be a clear attempt to circumvent the requirements of the Bankruptcy Code. It should therefore be excluded as irrelevant under Federal Rules of Evidence 401 and 402.

*Sabratek* is directly on point. The plaintiff in that case was the successor-in-interest to Sabratek Corp., a company that had filed for bankruptcy. The plaintiff brought negligence and contractual claims on behalf of Sabratek Corp. against its former auditor, KPMG. *Id.* at *1. KPMG moved in limine to bar the plaintiff from asserting that it was suing on behalf, or for the benefit, of anyone other than Sabratek Corp. *Id.* at *5. The district court granted the motion, holding that "evidence concerning the ultimate beneficiaries of this lawsuit" was inadmissible because it was "of no consequence to the underlying claims" and had "absolutely no bearing on the facts at issue for trial, namely the past conduct of Sabratek Corp. and KPMG." *Id.*

Any suggestion that Plaintiff is suing on behalf or for the benefit of a person or entity other than MF Global should also be excluded under Federal Rule of Evidence 403. Even if that were not completely irrelevant, any minimal probative value would be substantially outweighed by the dangers of creating unfair prejudice, confusing the issues, and misleading the jury. For

example, any assertion that the proceeds of a judgment in this action would go to "creditors" or "stakeholders" or "victims" of MF Global's collapse would prejudice PwC by suggesting, erroneously, that Plaintiff is asserting those parties' claims (which it lacks standing to do).  *See, e.g.*, *Nat'l Jockey Club v. Ganassi*, No. 04-3743, 2009 WL 2177217, at *2 (N.D. Ill. July 21, 2009) (information about "the ultimate recipients of the proceeds of any judgment entered" would "be confusing and not aid the finder of fact").  "Argument concerning how a plaintiff intends to spend an award might lead a jury to base its verdict on how the award will be used rather than on whether the defendants caused damages and the amount of those damages." *Robert v. Streibich*, No. DV20100723, 2012 WL 10097049, at *3 (Mont. Dist. Ct. Oct. 2, 2012). Moreover, any such assertion would open the door for PwC to attempt to mitigate the unfair prejudice to it by presenting evidence and argument about the true identities of any potential third-party beneficiaries, including "vulture" investment funds, which would further distract the jury from the real issues in the case.

II.     **Any Suggestion That Plaintiff Was "Appointed By" or Is Operating on Behalf of the Bankruptcy Court Would Be Misleading and Unfairly Prejudicial.**

Plaintiff has at times suggested that the U.S. Bankruptcy Court for the Southern District of New York "appointed" Plaintiff as Plan Administrator.  Although Plaintiff agreed to delete that language from the proposed jury instructions, PwC is concerned that Plaintiff may attempt to portray itself to the jury as acting on behalf or with the blessing of the bankruptcy court.  Any such suggestion would be deceptive and unfairly prejudicial to PwC.

The bankruptcy court did not select Plaintiff to serve as Plan Administrator.  The proponents of MF Global's liquidation plan—namely, certain of the company's major creditors and Louis Freeh, the Chapter 11 Trustee—proposed a plan naming MF Global Holdings Ltd. as Plan Administrator.  *See* Second Amended Plan §§ I.A.119, IV.C.  The bankruptcy court

4

confirmed that plan. The bankruptcy court did not have any role in selecting Plaintiff's management. Pursuant to the plan, Plaintiff is governed by a three-person Board of Directors. *Id.* § V.B.2; *see* R. Katz (July 24, 2015) Tr. 65:15–20 (stating that Plaintiff acts "through its officers and directors"). The Directors are appointed by a Director Selection Committee composed of three of MF Global's largest creditors, with input from the statutory committee of unsecured creditors. Second Amended Plan §§ I.A.27, V.B.1–2. The bankruptcy court also played no role in deciding what claims Plaintiff would pursue. Instead, Plaintiff's creditor-chosen Board of Directors had complete power and discretion to "review and approve the prosecution of adversary and other proceedings." *Id.* § V.B.3.

In light of those facts, it would be highly misleading for Plaintiff to insinuate that it is operating on behalf of the bankruptcy court or with that court's blessing or approval. Plaintiff is standing in the shoes of a private business, and its actions are controlled by that business's private creditors. If Plaintiff describes itself as "appointed by" the bankruptcy court or uses similar language, the jury is likely to view Plaintiff as a neutral governmental actor akin to a public prosecutor or special master. Allowing Plaintiff to present itself in that way would give the jury a false impression regarding Plaintiff's role and encourage it to give special deference to Plaintiff's opinions, dramatically skewing the playing field for trial in Plaintiff's favor. *Cf. Berger v. United States*, 295 U.S. 78, 88 (1935) (recognizing that jurors give great weight to assertions by an attorney who is seen as an impartial representative of the state), *overruled on other grounds*, *Stirone v. United States*, 361 U.S. 212 (1960); *Hicks v. United States*, 150 U.S. 442, 452 (1883) (noting that jurors give special weight to statements by the court). Plaintiff should be limited to referring to itself as agreed to by the parties in the Joint Pre-Trial Order: as

5

"a company that is administering the bankruptcy plan for the estate of MF Global." *See* Stipulations or Agreed Statements of Fact or Law, Fact No. 60.

## CONCLUSION

PwC accordingly seeks an order, pursuant to Federal Rules of Evidence 402 and 403, barring Plaintiff from presenting to the jury any evidence or argument suggesting (1) that Plaintiff is represents, asserts the claims of, or is seeking to recover for any person or entity other than MF Global itself, or that third parties would benefit from any recovery by the Plan Administrator in this case; or (2) that Plaintiff was "appointed by," or is operating with the blessing or approval of, the bankruptcy court.

Dated:  January 20, 2017   Respectfully submitted,
        New York, New York
                                        KING & SPALDING LLP


                                        By:  /s/ James P. Cusick
                                             James P. Cusick
                                             James J. Capra, Jr.
                                             David M. Fine
                                             Meredith Moss
                                             J. Emmett Murphy
                                             1185 Avenue of the Americas
                                             New York, New York 10036
                                             Tel: (212) 556-2100

                                             *Attorneys for Defendant*
                                             *PricewaterhouseCoopers LLP*

6