UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,

                              Plaintiff,

            -against-

PRICEWATERHOUSECOOPERS LLP,

                              Defendant.

Case No. 14-cv-2197 (VM)

**PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* #2 TO (1) PRECLUDE PLAINTIFF FROM PLAYING VIDEO TESTIMONY FOR WITNESSES WHO WILL TESTIFY IN PERSON; AND (2) PERMIT PWC TO CONDUCT FULL EXAMINATIONS OF WITNESSES WHO TESTIFY DURING PLAINTIFF'S CASE-IN-CHIEF**

Dated: January 20, 2017
       New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant PricewaterhouseCoopers LLP*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................ 2

    I.   Except for Impeachment, Plaintiff Should Not Be Permitted To Introduce Deposition Testimony of Witnesses Who Will Testify Live. .............................................................. 2

    II.  PwC Should Be Allowed To Conduct Full Examinations of Witnesses Who Testify During Plaintiff's Case-in-Chief. ....................................................................................... 5

CONCLUSION ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Banks v. Yokemick*,
   144 F. Supp. 2d 272 (S.D.N.Y. 2001) (Marrero, J.) ..............................................................2, 5

*Buchwald v. Renco Grp.*,
   No. 13-cv-7948, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014) ......................................5

*Carpenter v. Forest Meadows Owners Ass'n*,
   No. 1:09-cv-01918-JLT, 2011 WL 3207778 (E.D. Cal. July 27, 2011) ....................................4

*DiRienzo v. Philip Servs. Corp.*,
   294 F.3d 21, 30 (2d Cir. 2002) ..................................................................................................2

*Fey v. Walston & Co.*,
   493 F.2d 1036 (7th Cir. 1974) ...................................................................................................5

*Gauthier v. Crosby Marine Serv., Inc.*,
   752 F.2d 1085 (5th Cir. 1985) ...................................................................................................5

*Gonzalez Production Sys., Inc. v. Martinrea Int'l Inc.*,
   310 F.R.D. 341 (E.D. Mich. 2015) ............................................................................................5

*Hart v. RCI Hospitality Holdings, Inc.*,
   90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015)...............................................................................5, 6

*Kolb v. Suffolk Cty.*,
   109 F.R.D. 125 (E.D.N.Y. 1985)............................................................................................4, 5

*Napier v. Bossard*,
   102 F.2d 467 (2d Cir. 1939).......................................................................................................2

*Oracle USA Inc. v. Rimini Street, Inc.*,
   No. 2:10-cv-106, 2015 WL 5165374 (D. Nev. Sept. 3, 2015)...................................................5

*In re Reserve Fund Sec. & Deriv. Litig.*,
   No. 09-cv-4346, 2012 WL 12354233 (S.D.N.Y. Oct. 3, 2012).................................................3

*Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs. Corp.*,
   421 F. Supp. 2d 741 (S.D.N.Y. 2006)....................................................................................2, 4

*United States v. Afram Lines (USA), Ltd.*,
   159 F.R.D. 408 (S.D.N.Y. 1994) ...............................................................................................3

*United States v. Caracappa*,
   614 F.3d 30 (2d Cir. 2010).........................................................................................................6

*Williams v. Jackson*,
    No. 2:07-cv-00110-JTK, 2011 WL 867528 (E.D. Ark. Mar. 14, 2011) .................................. 5

*Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.*,
    216 F.R.D. 521 (D. Utah 2003) ............................................................................................. 3, 4

*Zimmerman v. Safeway Stores, Inc.*,
    410 F.2d 1041 (D.C. Cir. 1969) ................................................................................................ 5

**Other Authorities**

Federal Rule of Civil Procedure 30(b)(6) .......................................................................................... 2

Federal Rule of Civil Procedure 32(a)(2) ................................................................................. 2, 3, 4

Federal Rule of Civil Procedure 32(a)(3) ................................................................................... 3, 4

Federal Rule of Civil Procedure 32(a)(6) ........................................................................................ 7

Federal Rule of Evidence 403 ........................................................................................................... 4

Federal Rule of Evidence 611 ........................................................................................................... 7

Federal Rule of Evidence 611(a) .................................................................................................. 1, 4

Federal Rule of Evidence 611(b) ..................................................................................................... 6

Federal Rule of Evidence 611(b) S. Judiciary Comm. Note ........................................................... 6

Federal Rule of Evidence 801(d)(2)(D) ...................................................................................... 3, 4

FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, Rule 32 (Feb.
    2016 update) ........................................................................................................................... 7

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of its motion to facilitate a fair and efficient presentation of the evidence by:

(1) precluding Plaintiff, MF Global Holdings Ltd., as Plan Administrator, from presenting to the jury (other than for impeachment purposes) deposition testimony of witnesses who will appear live at trial; and

(2) permitting PwC to conduct full examinations of witnesses who testify during Plaintiff's case-in-chief.

If this motion is granted, each witness will take the stand just once, all of the testimony for any witness who appears by deposition will be played at one time, and video depositions will not be played for witnesses who testify live (except for impeachment)—contrary to Plaintiff's proposal to play up to twelve hours of video deposition testimony for those witnesses. Those are fair ground rules that will provide for a streamlined and non-duplicative presentation of evidence to the jury, substantially shortening the trial. They are consistent with Federal Rule of Evidence 611(a)'s directive that courts should regulate the "mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." They are also consistent with Federal Rule of Civil Procedure 1's directive that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Trial in this case will be long and complicated enough; there is no reason to prolong and complicate it further by presenting witnesses' testimony to the jury in piecemeal fashion.

**ARGUMENT**

I. **Except for Impeachment, Plaintiff Should Not Be Permitted To Introduce Deposition Testimony of Witnesses Who Will Testify Live.**

As this Court has recognized, "deposition testimony is only a substitute, not to be resorted to if the witness can appear in person." *Banks v. Yokemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) (Marrero, J.). The Second Circuit has likewise held "that a witness's live in-court testimony is the preferred method of presenting his or her testimony." *Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs. Corp.*, 421 F. Supp. 2d 741, 769 (S.D.N.Y. 2006) (citing *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002)); *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.").

In the joint pretrial order, Plaintiff identifies eight witnesses whose deposition testimony it intends to present at trial even though all eight will appear in person, asserting that it is "entitled to offer the deposition testimony of PwC witnesses regardless of whether they are available or will in fact testify live at trial." Joint Pre-Trial Order at 14 n.3. Plaintiff designated nearly 10 hours of those witnesses' video depositions, and PwC was forced to designate an additional 2 hours and 43 minutes to provide necessary context. Plaintiff thus asserts the right to play more than 12 hours of deposition testimony for witnesses who will also be testifying live. The Federal Rules of Civil Procedure do not allow such tactics, and, even if they did, the Court should exercise its discretion to preclude them.

Only under very limited circumstances may a party introduce at trial (for purposes other than impeachment) deposition testimony of a witness who is available to testify live. Attempting to justify its position, Plaintiff cites two provisions: Federal Rule of Civil Procedure 32(a)(2), which provides that a party may introduce deposition testimony for any "purpose allowed by the

2

Federal Rules of Evidence," and Rule 32(a)(3), which provides that a party may offer such testimony if the deponent was, at the time of the deposition, an adverse party's "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Plaintiff does not and cannot carry its burden to show that those provisions apply to the deposition testimony at issue. *See United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

Three of the eight witnesses—Jonathan Lee, Elaine O'Keefe, and Alan Tabacznik—were no longer employed by PwC when they were deposed. There is no arguable basis for offering their deposition testimony under either of the provisions Plaintiff cites. Rule 32(a)(3) requires the deponent to have been an officer, director, managing agent, or designee "when deposed." And although some courts have held that Rule 32(a)(2) allows the admission of deposition testimony that qualifies as non-hearsay—*see, e.g.*, *In re Reserve Fund Sec. & Deriv. Litig.*, No. 09-cv-4346, 2012 WL 12354233, at *4 n.5 (S.D.N.Y. Oct. 3, 2012)—statements made by a party's agent or employee do not so qualify unless they were made "while [the agency or employment relationship] existed." Fed. R. Evid. 801(d)(2)(D).

The other five witnesses—Harry Baird, Frederick Currie, Darren Lees, Linda McGowan, and George Gallagher—were PwC partners when they were deposed. They were not, however, officers, directors, or managing agents of PwC under Rule 32(a)(3). They were not part of the firm's Board or its Leadership Team; they were just five among thousands of PwC partners in the United States.[1] *Cf. Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003) (employees were not managing agents, despite their job titles of

---

[1] PwC has a Board of Partners and Principals, which is responsible for the firm's strategy and direction. It also has a Leadership Team, which is responsible for the management of the firm's practice and business. The Leadership Team includes what are traditionally viewed as the officers of a company, such as the Senior Partner, Managing Partner, Chief Financial Officer, and Chief Information Officer. *See* http://www.pwc.com/us/en/about-us/leadership.html (listing the members of PwC's current leadership team and their roles).

"manager," "general manager," "systems manager," and "senior attorney," because they "lacked discretion to make decisions for the corporation"). PwC is not aware of any case holding that all partners of a partnership are deemed "managing agents" under Rule 32(a)(3). As for Rule 32(a)(2), the Court should not interpret it to permit all non-hearsay deposition testimony to be played at trial. The fact that a statement is not hearsay under Rule 801(d)(2) is not a license to use that statement for any purpose. *See Kolb v. Suffolk Cty.*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). In any event, Rule 801(d)(2) cannot be applied wholesale to ten hours of deposition testimony, but requires "an individualized inquiry as to the admissibility of each statement." *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-cv-01918-JLT, 2011 WL 3207778, at *5 (E.D. Cal. July 27, 2011).

Moreover, the Court retains wide discretion to preclude testimony, including deposition testimony, that is redundant, unnecessary, or unhelpful to the jury. The Federal Rules of Evidence give district courts both the power and the duty to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a). That power should be exercised to ensure that the trial procedures are "effective for determining the truth" and that they "avoid wasting time." *Id.* Those goals are complimentary. Presenting testimony and evidence to the jury in a repetitive and disorganized fashion is not just inefficient; it also makes it less likely that the jury will be able to understand the case. *See also* Fed. R. Evid. 403 (court should exclude testimony that would cause "undue delay" or be "needlessly cumulative").

Because "live in-court testimony is the preferred method," *Strategic Value Master Fund*, 421 F. Supp. 2d at 769, and because presenting deposition testimony for witnesses who also testify live is inefficient and confusing for the jury, courts routinely exercise their discretion to

preclude deposition testimony when live testimony is available. *See, e.g.*, *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985); *Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974); *Zimmerman v. Safeway Stores, Inc.*, 410 F.2d 1041, 1045 n.5 (D.C. Cir. 1969); *Gonzalez Production Sys., Inc. v. Martinrea Int'l Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015); *Williams v. Jackson*, No. 2:07-cv-110, 2011 WL 867528, at *2 (E.D. Ark. Mar. 14, 2011).

In accordance with those principles and this Court's recognition in *Banks* that deposition testimony should be avoided when live testimony is available, the Court should exercise its discretion to prevent Plaintiff from conducting an improper, repetitious "trial by deposition." *Kolb*, 109 F.R.D. at 127.

## II.     PwC Should Be Allowed To Conduct Full Examinations of Witnesses Who Testify During Plaintiff's Case-in-Chief.

It is a "standard trial practice" in this District for courts to "structure trial such that each witness will take the stand only once, at which time both [parties] will have the opportunity to elicit [the witness's] testimony for their cases in chief." *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015) (quoting *Buchwald v. Renco Grp.*, No. 13-cv-7948, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014)). There are "compelling reasons" for adopting that practice, "sounding in trial efficiency, avoidance of redundancy, and in avoiding needless inconvenience to [the witnesses]." *Id.* at 273; *see also Oracle USA Inc. v. Rimini Street, Inc.*, No. 2:10-cv-106, 2015 WL 5165374, at *5 (D. Nev. Sept. 3, 2015) (adopting this practice because it "streamline[s] the trial, [is] more convenient for the witnesses, and avoid[s] juror confusion").

Those reasons all apply here. There is substantial overlap between the parties' witness lists. Plaintiff has identified twenty-two fact witnesses, and eighteen of them are also on PwC's witness list. Fifteen of those eighteen witnesses are expected to testify live at trial. In the

5

interests of trial efficiency and jury comprehension, the Court should permit PwC to fully examine any of those fifteen witnesses if and when they testify during Plaintiff's case-in-chief. Similarly, for the three witnesses whom Plaintiff and PwC both plan to present by deposition, all of the designations for those witnesses should be played if and when they are "called" in Plaintiff's case-in-chief. This approach will (a) shorten the trial for the benefit of the Court, jurors, and parties alike; (b) enable the jury to better follow the testimony and understand the case; (c) avoid inconveniencing witnesses (including almost nine third-party witnesses) who would otherwise have to appear and testify at trial twice (likely weeks apart); and (d) avoid the unfairness of PwC having to recall witnesses days or more likely weeks after they first testified, by which time the jury may struggle to recall the original testimony.

Although a defendant's cross-examination of the plaintiff's witnesses is typically limited to "the subject matter of the direct examination and matters affecting the witness's credibility," Federal Rule of Evidence 611(b) gives district courts discretion to "allow inquiry into additional matters as if on direct examination." That rule is designed to give courts "sufficient flexibility" to "allow[] a broader scope of cross-examination whenever appropriate." Fed. R. Evid. 611(b) S. Judiciary Comm. Note; *see also United States v. Caracappa*, 614 F.3d 30, 42 (2d Cir. 2010) ("[T]he trial court is accorded broad discretion in controlling the scope and extent of cross-examination." (internal quotation marks omitted)). Exercising that discretion to implement the "standard trial practice" PwC is proposing, *Hart*, 90 F. Supp. 3d at 274, is particularly appropriate when both parties intend to call many of the same witnesses over the course of a lengthy trial.

For the same reasons, if Plaintiff is allowed to introduce a witness's deposition testimony during its case-in-chief, both parties' fairness and affirmative deposition designations for that

6

witness should be played in full at that time.  Preventing a witness's deposition testimony from being presented to the jury piecemeal is an appropriate exercise of the Court's discretion under Evidence Rule 611.  Playing all designations for a witness at the same time also serves the purposes of Civil Rule 32(a)(6), which provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce other parts."  The "main purpose" of that rule is "to create a mechanism for other parties to address situations where the excerpts offered do not tell the full story or present things out of context."  Steven S. Gensler, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, Rule 32 (Feb. 2016 update).  Furthermore, playing all affirmative designations at the same time will avoid confusing the jurors, who may otherwise struggle to remember prior deposition excerpts weeks later.  This will also avoid PwC's having to replay portions of the testimony previously played by Plaintiff in order to provide necessary context.

## CONCLUSION

PwC seeks an order (1) precluding Plaintiff from presenting to the jury (other than for impeachment purposes) deposition testimony of witnesses who will appear live at trial; and (2) allowing PwC to fully examine any witness who testifies during Plaintiff's case-in-chief.

Dated: January 20, 2017  
        New York, New York

Respectfully submitted,

KING & SPALDING LLP

By: /s/ James P. Cusick  
     James P. Cusick  
     James J. Capra, Jr.  
     David M. Fine  
     Meredith Moss  
     J. Emmett Murphy  
     1185 Avenue of the Americas  
     New York, New York 10036  
     Tel: (212) 556-2100

*Attorneys for Defendant PricewaterhouseCoopers LLP*