UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>                                 Plaintiff,<br><br>        -against-<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>                                Defendant. | Case No. 14-cv-2197 (VM) |

**PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM IN SUPPORT
OF ITS MOTION *IN LIMINE*  #6 TO EXCLUDE THE TESTIMONY AND OPINION
OF PLAINTIFF'S DAMAGES EXPERT GUY DAVIS**

Dated: January 20, 2017
       New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant
PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.   Davis's Damages Calculations Are Unreliable Because He Did Not Apply the Damages Methodology Set Out In His Report. ................................................... 2

        A.  Davis Improperly Calculated the Value of the Liquidity Facility In the But For Scenario........................................................................................................... 3

        B.  Davis's Calculated Damages are Unreliable Because He Failed to Take into Account the Impact of MF Global's Missing Segregated Customer Funds. ................ 4

CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
    303 F.3d 256 (2d Cir. 2002)..................................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)................................................................................................2, 3, 6

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999)......................................................................................................2, 3

*Nimely v. City of N.Y.*,
    414 F.3d 381 (2d Cir. 2005).....................................................................................................2

*R.F.M.A.S., Inc. v. So*,
    748 F. Supp. 2d 244 (S.D.N.Y. 2010).......................................................................................3

*Troublé v. Wet Seal, Inc.*,
    179 F. Supp. 2d 291 (S.D.N.Y. 2001).......................................................................................2

**Rules**

Federal Rule of Evidence 702.................................................................................................2, 6

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of its motion to exclude Plaintiff, MF Global Holdings Ltd., as Plan Administrator, from presenting to the jury the testimony and opinion of Plaintiff's damages expert, Guy Davis.

## INTRODUCTION

Supreme Court precedent and the Federal Rules of Evidence provide that an expert's opinion must satisfy certain threshold criteria in order to be admissible. Specifically, the expert needs to utilize reliable principles and methodologies, and appropriately apply those methods to the facts of the case. Plaintiff's damages expert, Guy Davis, does not satisfy these criteria.

Plaintiff retained Davis to determine the amount of damages MF Global supposedly sustained as a result of PwC's alleged malpractice. Report of Guy Davis, dated August 21, 2015 ("Davis Rep.") ¶ 10.[1] To measure damages, Davis applied a Lost Enterprise Value damages methodology, which purports to compare MF Global's actual enterprise value as of October 31, 2011 with the enterprise value MF Global would have had as of October 31, 2011 if the Euro RTM accumulation, liquidity crisis and collapse—factors supposedly caused by PwC's alleged malpractice—had not occurred (the "But For" scenario). Davis Rep. ¶ 14 (the "But For" scenario "assum[es] the Euro RTM accumulation, liquidity crisis, and collapse never occurred"). Significantly, Davis's But For scenario was designed to be identical to the real world except for excluding those specific factors that purportedly arose only because of PwC's alleged malpractice. *See id.* ¶¶ 12, 14.

Davis did not reasonably apply his damage methodology to the facts of this case. Instead, as discussed below, Davis (1) used a value for a significant component of his But For valuation that is inconsistent with a fundamental premise of his methodology, *i.e.*, that in the But

---

[1] Davis's report was previously submitted to the Court by Plaintiff under seal as part of its opposition to PwC's summary judgment motion on March 11, 2016. PwC stands ready to file additional copies of the report if doing so would assist the Court. Davis's expert CV was submitted as part of Exhibit E to the joint pretrial order.

For scenario no liquidity crisis occurred, and (2) failed to account for certain factors in the But For scenario that were unrelated to PwC's alleged malpractice.  As a result of these methodology violations, Davis's But For enterprise value calculation and his resulting damages opinion are flawed and unreliable, and therefore should be inadmissible under *Daubert* and Federal Rule of Evidence 702.[2]

## ARGUMENT

### I. Davis's Damages Calculations Are Unreliable Because He Did Not Apply the Damages Methodology Set Out In His Report.

Federal Rule of Evidence 702 provides that a qualified expert's testimony is admissible only "if [(1)] the testimony is based upon sufficient facts or data, [(2)] the testimony is the product of reliable principles and methods, and [(3)] the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  Here, Davis did not reliably apply his damage methodology to the facts of this case.

Under *Daubert* and *Kumho Tire Co.*, the trial court must determine whether the proposed testimony of a qualified expert witness "is not only relevant, but reliable."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  This inquiry must focus "not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology."  *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 301 (S.D.N.Y. 2001).  "When an expert opinion is based on data, a methodology or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony."  *Nimely v. City of N.Y.*, 414 F.3d 381, 396–97 (2d Cir. 2005) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002)).

---

[2] PwC will contest other aspects of Davis's methodology and opinions at trial, if necessary.

As part of its gatekeeping role, the court must decide whether the expert's methodology is appropriately applied to the case at hand and in a manner that ensures a reliable linkage between the facts that he is examining and the conclusions that he is reaching. *Daubert*, 509 U.S. at 592–93; *Kumho Tire Co.*, 526 U.S. at 146, 149, 146, 158.  In assessing the reliability of an expert's analysis, a court "should undertake a rigorous examination of . . . the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Amorgianos*, 303 F.3d at 267.

The party offering the expert testimony has the burden to demonstrate by a preponderance of the evidence that its expert witness satisfies these criteria. *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 253 (S.D.N.Y. 2010).  Plaintiff cannot meet that burden here.

### A. Davis Improperly Calculated the Value of the Liquidity Facility In the But For Scenario.

Davis calculated MF Global's enterprise value in both the But For and Actual scenarios by combining the fair value of MF Global's liquidity facility obligations, bond debt and equity as of October 31, 2011.  Davis Rep. ¶¶ 14, 91–92.  Davis specifically selected October 31, 2011 as the measuring date for damages because "the financial impact of PwC's alleged breaches of the professional accounting standards culminated with MF Global's liquidity crisis in the final week of October and collapse on October 31" and that date allowed him to "incorporate all of the market forces and business operations (unrelated to the alleged breaches) that impacted MF Global's equity value prior to the collapse."  *Id.* ¶ 88.  Davis, however, ignored the pre-liquidity crisis-balance of the liquidity facility and, thus, did not properly or consistently apply his methodology in calculating MF Global's enterprise value in the But For scenario.

According to Davis, MF Global's balance due on the liquidity facility as of October 3, 2011 was $242 million, *Id.* ¶ 93, "which is where the balance stayed until the liquidity crisis

3

unfolded" at the end of October 2011.  *Id.*  Under his own methodology, Davis should have used $242 million as the value for the liquidity facility in the But For scenario.  It was the last value of the liquidity facility before the liquidity crisis occurred, and Davis was specifically trying to exclude in the But For scenario any factors relating to the liquidity crisis.[3]

Instead of using $242 million as the value of the liquidity facility, Davis conflated the Actual and But For scenarios and used $1.152 billion as the value of the liquidity facility in the But For scenario.  But that figure represents the allowed general liquidity facility unsecured claim pursuant to the April 22, 2013 Second Amended and Restated Joint Plan of Liquidation of the MF Global debtors—a post-bankruptcy value that has no relevance in the But For scenario.  *Id.* ¶ 94.  Davis's failure to use the amount of the liquidity facility immediately prior to the liquidity crisis is inconsistent with his own methodology, and therefore makes Davis's But For enterprise value unreliable and inadmissible.

### B. Davis's Calculated Damages are Unreliable Because He Failed to Take into Account the Impact of MF Global's Missing Segregated Customer Funds.

The well-publicized deficit in MF Global's customer segregated funds—the singular event that compelled the Company to file for bankruptcy—is relevant and undeniably a part of the MF Global story.  As Davis recounts in his expert report, MF Global was involved in negotiating a sale of substantially all of its assets to Interactive Brokers on October 30, 2011.  *Id.* ¶¶ 79–80.  On the same day, MF Global's management determined that there was a $952 million deficit in customer segregated funds.  *Id.* ¶ 81.  Because of the customer shortfall, Interactive Brokers abandoned its plan to purchase MF Global's assets.  *Id.* ¶ 81.  But, other than mentioning the missing customer funds in a few paragraphs in the factual background section of

---

[3] "In the 'But For' scenario, the enterprise value of the MF Global is the sum of:  i) ***the fair value of the MF Global Liquidity Facility*** and the four bond obligations and ii) the equity value of MF Global, ***assuming the*** Euro RTM accumulation and ***liquidity asphyxiation had never occurred***."  *Id.* ¶ 91 (emphasis added).

4

his report, Davis made no attempt to factor the impact of the customer funds deficit into his analysis.

Plaintiff has conceded that the customer funds deficit was not the result of PwC's alleged malpractice.  Hence, Davis was required to consider the ramifications of the customer deficit on MF Global's enterprise value in the But For scenario.  At a minimum, that required Davis to calculate the portion of MF Global's enterprise value that was lost due to cancellation of the Interactive Brokers transaction as a result of the segregated funds shortfall.  The customer funds deficit may have had other impacts on MF Global's enterprise value as well.  Yet, Davis nowhere analyzes how the customer deficit would have affected MF Global's But For enterprise value, much less adjusts his But For enterprise value for the amount of those impacts.  Instead, Davis calculated the bond debt and equity values in his But For scenario as of September 30, 2011, before the customer fund deficit occurred.  *Id.* ¶¶ 97, 103.

According to Davis's Lost Enterprise Value damage methodology, the But For scenario assumes that PwC's alleged malpractice never occurred.  Davis clearly stated in his report that the premise of his damages opinion is that PwC's alleged malpractice purportedly caused "the accumulation of billions in a European sovereign debt repo-to-maturity ('Euro RTM') portfolio from approximately September 2010 to September 2011 (the 'Euro RTM Accumulation Period'), a massive liquidity crisis in the final week of October 2011, and the resulting collapse of the MF Global enterprise."  Davis Rep. ¶ 12.  He does not list the customer funds shortfall.  And for good reason.  In a separate report, submitted in the litigation styled, *Nader Tavakoli, as Litigation Trustee of the MF Global Litigation Trust v. Jon S. Corzine, Bradley I. Abelow, Henri*

5

*J. Steenkamp*,[4] . Moreover, the Plan Administrator in its Complaint disavowed any allegation that PwC caused the deficit in customer segregated funds.  *See* Compl. ¶ 2.

Davis's damage methodology required him to take into account the negative impact of the missing customer funds on MF Global's value in his But For analysis.  Davis clearly did not consider this significant fact, which makes Davis's But For enterprise value and total damages number unreliable and inadmissible.

*     *     *

Davis failed to apply his damages methodology according to the terms he laid out in his report.  Because of Davis's unexplained and unsupported deviation from his methodology, his But For enterprise value is incorrect and unreliable.  Because Davis's total damages calculation is inextricably linked to the But For enterprise value, his entire damages analysis is likewise flawed and unreliable, and should be inadmissible under *Daubert* and Federal Rule of Evidence 702.

## CONCLUSION

PwC accordingly seeks an order, pursuant to Federal Rule of Evidence 702, barring Davis from testifying at trial and precluding Plaintiff from introducing Davis's opinion.

---

[4] Davis's expert report from the *Tavakoli* case has not been submitted to the Court.  *Tavakoli, as Litigation Trustee v. Corzine et al.*, consolidated under *Deangelis v. Corzine*, No. 11-cv-07866-VM.  PwC stands ready to file copies of this report if doing so would assist the Court.

Dated: January 20, 2017  
       New York, New York

Respectfully submitted,

KING & SPALDING LLP

By: <u>/s/ James P. Cusick</u>  
    James P. Cusick  
    James J. Capra, Jr.  
    David M. Fine  
    Meredith Moss  
    J. Emmett Murphy  
    1185 Avenue of the Americas  
    New York, New York 10036  
    Tel: (212) 556-2100

*Attorneys for Defendant*  
*PricewaterhouseCoopers LLP*