UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>                              Plaintiff,<br><br>        -against-<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>                              Defendant. | Case No. 14-cv-2197 (VM) |

**PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* #11 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING PWC'S FINANCIAL INFORMATION**

Dated: January 20, 2017
        New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................................1

CONCLUSION ...............................................................................................................................2

# **TABLE OF AUTHORITIES**

**Cases**

*Burke v. Deere & Co.*,
    6 F.3d 497 (8th Cir. 1993) ...................................................................................................1

*Koufakis v. Carvel*,
    425 F.2d 892 (2d Cir. 1970)..................................................................................................2

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
    No. 02-cv-9144, 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ..................................................2

*Reilly v. Natwest Mkts. Grp. Inc.*,
    181 F.3d 253 (2d Cir. 1999)..................................................................................................2

*Smith v. Lightning Bolt Prods., Inc.*,
    861 F.2d 363 (2d Cir. 1988)..................................................................................................2

*Tesser v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*,
    370 F.3d 314 (2d Cir. 2004)..................................................................................................1

*Tyco Int'l Ltd. v. Walsh*,
    No. 02-cv-4633, 2010 WL 3000179 (S.D.N.Y. July 30, 2010)..................................................1

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02-cv-3288, 2005 WL 491399 (S.D.N.Y. Mar. 3, 2005)..................................................2

**Other Authorities**

Federal Rule of Evidence 402........................................................................................................1, 2

Federal Rule of Evidence 403........................................................................................................1, 2

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of its motion to preclude Plaintiff, MF Global Holdings Ltd., as Plan Administrator, from presenting to the jury any evidence or argument concerning PwC's financial information (*i.e.*, its size, net worth, revenue, profitability, or other aspects of its financial condition).

## ARGUMENT

In this action, Plaintiff seeks to recover compensatory damages from PwC for alleged professional negligence. Plaintiff does not—and cannot—seek punitive damages. PwC files this motion to ensure that Plaintiff does not attempt to introduce evidence or argument concerning PwC's financial information in order to sway the jury's sympathy or bolster its damages claims. Any such attempt to portray PwC as a deep-pocketed defendant should be excluded under Federal Rule of Evidence 402 as irrelevant to the issues in the case and under Rule 403 as unfairly prejudicial to PwC while likely to cause needless confusion and delay. PwC's financial information has no bearing on PwC's liability or on the amount of Plaintiff's damages. The only effect of introducing such evidence would be to improperly signal to the jury that PwC, a large and profitable firm, can afford to and should bear some liability in this matter.

Evidence of a defendant's wealth or income "is generally inadmissible in trials not involving punitive damages." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 370 F.3d 314, 318 (2d Cir. 2004) (quoting *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999)). Such evidence is "totally irrelevant to the issue of compensatory damages" and is therefore inadmissible under Rule 402. *Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993); *see Tyco Int'l Ltd. v. Walsh*, No. 02-cv-4633, 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010) (denying discovery into defendant's finances and holding that "[a] defendant's net worth is only relevant if there is a finding that punitive damages should be awarded").

Such evidence is also inadmissible under Rule 403.  It is unduly prejudicial because it "can be taken as suggesting that the defendant should respond in damages because he is rich." *Reilly*, 181 F.3d at 266 (internal quotation marks omitted); *see Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (granting new trial in part because plaintiff's counsel referred to defendant's wealth, net worth, and financial holdings).  And it leads to delay and confusion, as the parties must spend time litigating the defendant's financial position rather than its liability.  *See Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373–74 (2d Cir. 1988) (noting that it is "prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages").

Courts routinely exclude *in limine* evidence of a defendant's wealth and finances where punitive damages or ability to pay is not at issue.  *See, e.g.*, *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02-cv-9144, 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (barring argument and examination about defendant's CEO's wealth as "clearly irrelevant" and "unfairly prejudicial"); *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 WL 491399, at *2 (S.D.N.Y. Mar. 3, 2005) (barring all references to defendant's "net worth, financial situation, any entity that he owns, and his family's wealth").

## CONCLUSION

PwC seeks an order, pursuant to Federal Rules of Evidence 402 and 403, barring Plaintiff from presenting to the jury any evidence or argument regarding PwC's financial information.

2

3

| | |
|---|---|
| Dated:  January 20, 2017<br>        New York, New York | Respectfully submitted,<br><br>KING & SPALDING LLP<br><br><br>By:  /s/ James P. Cusick<br>     James P. Cusick<br>     James J. Capra, Jr.<br>     David M. Fine<br>     Meredith Moss<br>     J. Emmett Murphy<br>     1185 Avenue of the Americas<br>     New York, New York 10036<br>     Tel: (212) 556-2100<br><br>     *Attorneys for Defendant*<br>     *PricewaterhouseCoopers LLP* |