UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>          Plaintiff,<br><br>  -against-<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>          Defendant. | Case No. 14-cv-2197 (VM) |

**PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM
IN SUPPORT OF ITS MOTION *IN LIMINE* #12 TO EXCLUDE
EVIDENCE OR ARGUMENT CONCERNING PRIOR SETTLEMENTS**

Dated: January 20, 2017
   New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant
PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

CONCLUSION .....................................................................................................................3

## TABLE OF AUTHORITIES

**Cases**

*In re Arotech Corp. Sec. Litig.*,
  No. 07-cv-1838, 2010 WL 2301195 (E.D.N.Y. June 7, 2010) ................................................. 2

*DeAngelis v. Corzine*,
  151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015) ..................................................................... 1, 2, 3

*Hart v. RCI Hosp. Holdings, Inc.*,
  90 F. Supp. 3d 250, 287 (S.D.N.Y. 2015) ............................................................................ 2, 3

*Highland Capital Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008) ....................................................................................... 3

**Other Authorities**

Federal Rule of Evidence 402 ........................................................................................................ 1, 2

Federal Rule of Evidence 403 ..................................................................................................... 1, 2, 3

Federal Rule of Evidence 408 ..................................................................................................... 1, 2, 3

Magistrate Judge's Order Denying Request to Reopen Discovery,
  Doc. 57 (Nov. 9, 2016) ............................................................................................................ 3

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of its motion to preclude Plaintiff, MF Global Holdings Ltd., as Plan Administrator, from presenting to the jury evidence or argument concerning prior settlements entered into by PwC.

## INTRODUCTION

Plaintiff brought this action against PwC on behalf of MF Global Holdings Ltd. to recover losses allegedly suffered by MF Global during its October 2011 collapse.  Separately, a class of former MF Global shareholders sued several former MF Global officers and directors, as well as PwC, to recover losses the shareholders allegedly suffered during the company's collapse.  PwC entered into a comprehensive settlement to resolve all claims brought against it in that action.  *See DeAngelis v. Corzine*, 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015) (discussing settlement).

PwC files this motion to ensure that Plaintiff does not attempt to introduce evidence of the prior settlement as an end-run around its burden of proof.  While the Federal Rules of Evidence permit the use at trial of settlements on several very limited and narrow bases, Rule 408 prohibits reference to actual or proposed settlements (or statements during settlement discussions) as evidence supporting liability or the amount of damages.  Independently, such evidence is irrelevant, confusing, and unfairly prejudicial and is therefore inadmissible under Federal Rules of Evidence 402 and 403.

## ARGUMENT

Rule 408 prohibits using a prior settlement as evidence of liability or damages.  With one exception relevant only in criminal cases, the rule states that "[e]vidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable

1

consideration in compromising or attempting to compromise a claim; and (2) conduct or a statement made during compromise negotiations about the claim." Fed. R. Evid. 408(a). The rule applies with equal force to "completed compromises when offered against a party thereto." Fed. R. Evid. 408 advisory committee's note (1972).

Rule 408 bars the use of settlement information as evidence of liability or damages both because such evidence is irrelevant (and thus also inadmissible under Rule 402) and because it contravenes public policy favoring settlement of claims. Settlements are often reached without conceding liability (as the *DeAngelis* settlement was—*see* Judgment Approving Settlement at 8, No. 1:11-cv-7866, Doc. 1029 (S.D.N.Y. Nov. 25, 2015)), with both parties adhering to their positions on the merits, but choosing to settle as a sensible business tactic. *See* Fed. R. Evid. 408 advisory committee's note (1972) (evidence of settlement is irrelevant "since the offer [to settle] may be motivated by a desire for peace rather than from any concession of weakness of position" and admission of such evidence contravenes "public policy favoring the compromise and settlement of disputes"); *In re Arotech Corp. Sec. Litig.*, No. 07-cv-1838, 2010 WL 2301195, at *6 (E.D.N.Y. June 7, 2010) (discussing "business" reasons for settlements).

Apart from Rule 408, evidence or argument concerning prior settlements is also inadmissible under Federal Rule of Evidence 403, as any minimal probative value it might possess is substantially outweighed by the dangers of creating unfair prejudice, confusing the issues, and misleading the jury. There is "a very significant risk that a jury would misunderstand the fact of a settlement offer as an admission of liability, even though, by its terms and viewed in its context, it is not." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 287 (S.D.N.Y. 2015). A mini-trial regarding the reason for settlement and "the economics of class litigations" would ensue, which would "have enormous capacity to introduce unfair prejudice—primarily to

2

defendants, but also potentially to plaintiffs—and also delay." *Id.* (granting motion *in limine* to exclude evidence of prior settlements in related cases on Rule 408 and Rule 403 grounds); *accord Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 198–99 (S.D.N.Y. 2008) (excluding *in limine* "any evidence, testimony, argument, or reference at trial to an arbitration [involving the defendant] and the subsequent settlement agreement" because "the danger of unfair prejudice substantially outweighs the probative value" given the "substantial risk that the jury would give undue weight to the arbitration proceedings" in deciding liability).

To be clear, the Federal Rules of Evidence do not prohibit the use of prior settlements that are relevant to issues other than the merits of Plaintiff's claim. For example, a party can point to a prior settlement as evidence that a witness may be biased. *See* Magistrate Judge's Order Denying Request to Reopen Discovery, Doc. 57 (Nov. 9, 2016) (recognizing that Rule 408 does not prohibit PwC from referring to settlements "to test the potential bias of" witnesses). A party can also point to settlements that should be deducted from or offset against claimed damages. There is, however, no legitimate reason for Plaintiff to refer at trial to the settlement of the *DeAngelis* action or any other prior settlement by PwC. Any such reference could only be aimed at establishing the fact or extent of PwC's liability in this case, a purpose expressly prohibited by Rule 408. Once such a reference is made, however, there will be no way to "un-ring the bell" and eliminate the prejudice to PwC.

## CONCLUSION

PwC seeks an order, pursuant to Federal Rules of Evidence 402, 403, and 408, barring Plaintiff from presenting to the jury any evidence or argument regarding any prior settlements entered into by PwC, including the settlement of the *DeAngelis* action.

3

Dated: January 20, 2017      Respectfully submitted,
       New York, New York

                                        KING & SPALDING LLP

                                        By: /s/ James P. Cusick
                                                James P. Cusick
                                                James J. Capra, Jr.
                                                David M. Fine
                                                Meredith Moss
                                                J. Emmett Murphy
                                                1185 Avenue of the Americas
                                                New York, New York 10036
                                                Tel: (212) 556-2100

                                                *Attorneys for Defendant*
                                                *PricewaterhouseCoopers LLP*