UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>    Plaintiff,<br><br>- against -<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>    Defendant. | Case No. 14-cv-2197 (VM)(JCF) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* #12 TO EXCLUDE
EVIDENCE OR ARGUMENT CONCERNING PRIOR SETTLEMENTS**

KASOWITZ, BENSON, TORRES
    & FRIEDMAN LLP

1633 Broadway
New York, New York 10019-6799
Tel:  (212) 506-1700
Fax:  (212) 506-1800

*Attorneys For Plaintiff MF Global Holdings Ltd., As Plan Administrator*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*DeAngelis v. Corzine*,
  151 F. Supp. 3d 356 (S.D.N.Y. 2015)................................................................................1

*Hart v. RCI Hospitality Holdings, Inc.*,
  90 F. Supp. 3d 250 (S.D.N.Y. 2015).................................................................................2

*SEC v. Gupta*,
  No. 11 Civ. 7566, 2012 WL 1592525 (S.D.N.Y. May 1, 2012).......................................2

**Rules**

Federal Rule of Evidence 403 ...................................................................................................1, 2

MF Global Holdings Ltd. ("MF Global"), as Plan Administrator ("Plaintiff" or the "Plan Administrator"), respectfully submits this memorandum of law in opposition to Defendant's motion *in limine* #12 to exclude evidence or argument concerning prior settlements entered into by PwC.

**ARGUMENT**

Defendant's twelfth motion *in limine* advances the noncontroversial proposition that evidence of settlement agreements entered into in connection with related litigation would be unduly prejudicial if admitted before the jury at trial. The Plan Administrator made the same argument in its second motion *in limine* and respectfully submits that all argument and evidence regarding the settlement agreements entered in connection with the MF Global post-bankruptcy litigations, including *DeAngelis v. Corzine,* 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015), should be excluded at trial.

PwC, however, cannot have it both ways. After acknowledging that, under Federal Rule of Evidence 403, evidence of prior settlements should be excluded as unduly prejudicial, PwC argues that it may nonetheless "point to a prior [MF Global-related] settlement as evidence that a witness may be biased." Def. Br. at p. 3. Although PwC did not identify any specific settlement directly, ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████

That request was denied by Judge Francis on November 9, 2016, and the order of the Court commented that the "Cooperation Agreements *themselves* can be used to impeach the testimony of the officers." *See* Order Denying Request to Reopen Discovery, Dkt. No. 57, Nov. 9, 2016 (emphasis added). Judge Francis did not order that the *settlement agreements* could be used to impeach the testimony of witnesses at trial, and PwC's suggestion that the Court did so

by implication is incorrect as a matter of law. *See SEC v. Gupta*, No. 11 Civ. 7566, 2012 WL 1592525 (S.D.N.Y. May 1, 2012) ("Defendants have not demonstrated that the settlement negotiations are relevant to proving bias. Rather, what is relevant are the actual cooperation agreements themselves.").

Here, the cooperation agreements were entered into in conjunction with settlement agreements. And to avoid jury confusion -- as well as the obvious risk of substantial prejudice, advanced by both PwC and the Plan Administrator in their motions -- PwC may be permitted to question settling witnesses regarding the extent to which they could be biased on account of their agreement to cooperate *alone*, but the fact that such an agreement arose out of their settlement of litigation should be kept from the jury. In addition, because the cooperation provisions are part and parcel of the settlement agreements, PwC should not be permitted to introduce any of the agreements into evidence.[1]

---

[1] To the extent the agreements -- settlement or cooperation -- must be introduced at trial, they respectfully should be redacted to remove all reference to the fact of settlement, including all provisions related thereto. *See Hart v. RCI Hospitality Holdings, Inc.,* 90 F. Supp. 3d 250, 288 (S.D.N.Y. 2015) ("Because these portions do not add to the probative value of the emails and could prove unfairly prejudicial, *see* Fed. R. Evid. 403, redaction as proposed by plaintiffs is appropriate.").

2

**CONCLUSION**

With the foregoing caveats included in an order determining this motion, the Plan Administrator does not object to PwC's twelfth motion *in limine*.

Dated: New York, New York
January 27, 2017

Respectfully submitted,

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/   Daniel J. Fetterman
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Plaintiff*

3