UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,<br><br>          Plaintiff,<br><br>  -against-<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>          Defendant. | Case No. 14-cv-2197 (VM) |

**PRICEWATERHOUSECOOPERS LLP'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* #2 TO (1) PRECLUDE PLAINTIFF FROM PLAYING VIDEO TESTIMONY FOR WITNESSES WHO WILL TESTIFY IN PERSON; AND (2) PERMIT PWC TO CONDUCT FULL EXAMINATIONS OF WITNESSES WHO TESTIFY DURING PLAINTIFF'S CASE-IN-CHIEF**

Dated: January 30, 2017
   New York, New York

KING & SPALDING LLP

James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

    **Page**

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Hart v. RCI Hospitality Holdings, Inc.*,
  90 F. Supp. 3d 250 (S.D.N.Y. 2015) ...................................................................................... 3

*HCC, Inc. v. RH & M Mach. Co.*,
  No. 96-cv-4920, 1997 WL 675334 (S.D.N.Y. Oct. 30, 1997) .................................................. 3

**Other Authorities**

Fed. R. Civ. Proc. 32(a) ............................................................................................................. 1, 2

Defendant PricewaterhouseCoopers LLP ("PwC") submits this reply in support of its motion to (1) preclude Plaintiff, MF Global Holdings Ltd., as Plan Administrator, from presenting to the jury (other than for impeachment purposes) deposition testimony of witnesses who will appear live at trial; and (2) permit PwC to conduct full examinations of witnesses who testify during Plaintiff's case-in-chief.

## ARGUMENT

Plaintiff responds to PwC's motion by arguing that (1) it should be allowed to play three hours of video deposition testimony, for purposes other than impeachment, for five witnesses who will testify live at trial; and (2) the Court should require individuals who are on both parties' witness lists to appear twice at trial. Plaintiff does not dispute that both of the rulings it seeks would significantly lengthen the trial.

**I.    Except for Impeachment, Plaintiff Should Not Be Permitted To Introduce Deposition Testimony of Witnesses Who Will Testify Live.**

PwC's motion objected to Plaintiff's stated intention to play, for purposes other than impeachment, video deposition testimony of eight witnesses who will appear in person at trial. In response, Plaintiff has withdrawn its request to play deposition testimony for three of those witnesses but demands that it be allowed to play up to three hours of testimony for the five remaining witnesses. *See* Pl.'s Opp. to PwC's Second Mot. *in Limine* ("Opp.") at 2–3. That demand is unreasonable and contrary to law.

*First*, Plaintiff has failed to meet its burden of demonstrating that the five witnesses in question were "managing agents" under Rule 32(a)(3) based on this Court's five-factor test. For example, it cannot plausibly allege that Darren Lees, a senior manager—not even a partner—on the MF Global audits, had general powers to exercise judgment in corporate matters or that the firm had no employees in positions of higher authority with regard to the subjects at issue. Nor

can it show that Harry Baird, a tax specialist, had wide-ranging responsibilities with respect to the audit, or that any of those factors apply to Frederick Currie, who was not even a member of the audit team.  And even Linda McGowan and George Gallagher, who served as audit engagement leaders for fiscal years 2010 and 2011, respectively, were just two among thousands of PwC partners in the United States and were not equivalent to a director or officer of the firm.  And Plaintiff acknowledges that its alternative argument based on Rule 32(a)(2) would necessitate an individualized inquiry into the admissibility of each statement in the three hours of recorded testimony Plaintiff intends to play at trial, which would waste the time of the Court, the jurors, and the parties.

*Second*, Plaintiff has no meaningful response to PwC's argument that, regardless of whether Rule 32 permits Plaintiff to play these witnesses' recorded testimony at trial for non-impeachment purposes, this Court should exercise its discretion to preclude the use of deposition testimony when live testimony is available.  *See* PwC's Second Mot. *in Limine* ("Mot.") at 4–5.  Plaintiff does not deny that this Court has such discretion.  It insists, however, that playing several hours of deposition testimony for non-impeachment purposes is necessary to enable it to challenge the credibility of the five witnesses in question.  *See* Opp. at 2–3.  That is unnecessary and impractical and smacks of gamesmanship.  Plaintiff can challenge the witnesses' credibility through the normal impeachment process.  Its demand that it be allowed to play hours of video "to show the jury these witnesses' general demeanor as revealed at their depositions," *id.* at 2, misunderstands the role of depositions versus live testimony.  "The purpose of a deposition is to obtain facts," *HCC, Inc. v. RH & M Mach. Co.*, No. 96-cv-4920, 1997 WL 675334, at *4 (S.D.N.Y. Oct. 30, 1997)—not to test the witness's "general demeanor," which can be evaluated at trial.

Moreover, cherry-picking a handful of questions and answers from seven-hour depositions and characterizing those excerpts as representative of the witnesses' "general demeanor as revealed at their depositions"—when all the excerpts may really show is that the witnesses were momentarily tired, confused, or even annoyed—is fundamentally unfair. All five of the PwC witnesses will be called live at trial. Plaintiff should not be permitted to play excerpts from their depositions except for impeachment.[1]

## II. PwC Should Be Allowed To Conduct Full Examinations of Witnesses Who Testify During Plaintiff's Case-in-Chief.

PwC's motion explained why this Court should adopt the "standard trial practice" of having witnesses who will testify in both parties' cases take the stand only once. *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015); *see* Mot. at 5–7. Plaintiff does not dispute that the Court has discretion to adopt that practice. Yet Plaintiff argues that the Court should require the *fifteen* fact witnesses who appear on both parties' witness lists to appear twice during the trial. Plaintiff's position ignores the practical realities of a trial projected to last 25 trial days, as well as the burden on these individual witnesses, who are private citizens with jobs and lives outside of this litigation. It is inefficient and unnecessary to impose upon them to testify more than once, perhaps weeks apart.

---

[1] In its opposition, Plaintiff suggests that PwC's witnesses did not recall certain events at their depositions "perhaps because of" their preparation sessions with counsel. Opp. at 3 n.2. That insinuation is improper and lacks any basis in evidence. Moreover, the witnesses' imperfect memory requires no nefarious explanation. The relevant events occurred four to five years before the depositions, and several of the witnesses had long since moved on from PwC.

Moreover, even setting aside the unreasonableness of Plaintiff's demand to play hours of recorded testimony for witnesses who will testify live, its offer to limit that testimony to "no more than 3 hours," Opp. at 3, smacks of further gamesmanship. Plaintiff has designated roughly seven hours of deposition testimony for the witnesses in question, and it refuses to tell PwC *which* three hours it intends to play. Instead it proposes to inform PwC of its "revised" designations just 24 hours before it intends to play the videotaped testimony, leaving very little time for the Court to address any objections that the parties cannot resolve. That approach risks delaying the presentation of evidence.

3

Plaintiff states that it will only elicit testimony from these witnesses on "narrow, introductory subject matters for approximately less than half a day" and that permitting the witnesses to testify fully at that time will confuse the jury. Opp. at 12–13. It is not clear what Plaintiff means by "narrow, introductory subject matters." In any event, it will be far more confusing to the jury to hear from fifteen witnesses once during Plaintiff's case-in-chief, and then a second time weeks later when the jurors' memory of the witnesses' initial testimony may have faded. Even setting aside the inconvenience to fifteen non-party witnesses, Plaintiff's proposal would lead to a disjointed presentation of the evidence. By contrast, the order requested by PwC will provide a streamlined and non-duplicative presentation of evidence to the jury and is likely to substantially shorten the trial.

## CONCLUSION

PwC seeks an order (1) precluding Plaintiff from presenting to the jury (other than for impeachment purposes) deposition testimony of witnesses who will appear live at trial; and (2) allowing PwC to fully examine any witness who testifies during Plaintiff's case-in-chief. PwC has submitted a proposed order herewith.

Dated: January 30, 2017  
       New York, New York

Respectfully submitted,

KING & SPALDING LLP

By: /s/ James P. Cusick  
    James P. Cusick  
    James J. Capra, Jr.  
    David M. Fine  
    Meredith Moss  
    J. Emmett Murphy  
    1185 Avenue of the Americas  
    New York, New York 10036  
    Tel: (212) 556-2100

*Attorneys for Defendant PricewaterhouseCoopers LLP*