```
                                            ┌─────────────────────────────┐
                                            │ USDC SDNY                   │
                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK               │ DOC #:_____       │
------------------------------------X       │ DATE FILED: 3/2/17          │
MF GLOBAL HOLDINGS LTD., as Plan    :       └─────────────────────────────┘
Administrator,                      :
                                    :       14-cv-2197
              Plaintiff,            :
                                    :
    - against -                     :       DECISION AND ORDER
                                    :
PRICEWATERHOUSECOOPERS LLP,         :
                                    :
              Defendant.            :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By letter dated February 21, 2017, defendant PricewaterhouseCoopers LLP ("PwC"), asking that its letter be "deemed and filed as a formal motion," moves for (1) an instruction to the jury that plaintiff MF Global Holdings Ltd. (the "Plan Administrator") is judicially estopped from disputing certain positions taken by the Plan Administrator in other litigation concerning MF Global's collapse, and (2) an order preventing the Plan Administrator from referring to PwC as a "public watchdog" or otherwise implying that PwC owed a duty to anyone other than MF Global itself. ("Motion," Dkt. No. 172.) By letter dated February 22, 2017, the Plan Administrator opposes PwC's Motion. ("Response," Dkt. No. 173.)

## JUDICIAL ESTOPPEL

In denying PwC's motion for summary judgment, the Court already held that it would "not deem the Plan Administrator's

claims judicially estopped." <u>MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP</u>, 199 F. Supp. 3d 818 n.12 (S.D.N.Y. 2016). PwC argues that it is not contesting that ruling because it is not trying to bar the Plan Administrator's malpractice <u>claim</u>, but that it instead is "asking that the jury be instructed on specific points that the Plan Administrator is estopped from denying." (Motion at 2.)

PwC's argument is a distinction without a difference. The "points" that PwC seeks to have included in the jury instructions are the Plan Administrator's claims in the Corzine action that MF Global's officers recklessly or negligently caused MF Global's collapse.

Moreover, the Court's summary judgment opinion was broader than PwC suggests. The Court held that (1) "the denial of the motion to dismiss, without findings of fact specific to the issues in this case, is not a basis for estoppel"; and (2) "the pleadings and filings in the now-settled Litigation Trustee Action did not relate to the specific claims regarding MF Global's sale accounting policy in this case." <u>MF Glob. Holdings Ltd.</u>, 199 F. Supp. 3d at n.12 (S.D.N.Y. 2016).[1]

---

[1] [S]everal factors typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier

2

PwC asserts no basis for reconsideration of the Court's earlier ruling on this issue, and its request for an instruction on the basis of judicial estoppel is therefore denied.

## PUBLIC WATCHDOG

PwC argues that because the Court has already precluded any suggestion that the Plan Administrator is operating on behalf of third parties, it should also preclude any reference to PwC as a "public watchdog" or any other implication that PwC had a duty to the public at large. The Plan Administrator argues that (1) "a public accountant's indisputable and professional and ethical obligations as a public watchdog" have been repeatedly recognized by the courts and applicable accounting standards; (2) such a role is relevant to foreseeability and causation because the auditor is vouching for the accuracy of the company's books to the investing public; and (3) that PwC's motion is untimely.

---

position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel.

Adelphia Recovery Trust v. Goldman, Sachs & Co., 748 F.3d 110, 116 (2d Cir. 2014) (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)).

3

As an initial matter, the Court declines to dismiss PwC's Motion as untimely. Although the Motion was not filed in connection with the other motions in limine in the case, both of the articles cited by PwC in which the Plan Administrator refers to PwC as a public watchdog were published after the motions in limine were submitted and ruled on by the Court. (See Motion at 3 n.3.) PwC therefore may not have previously had any reason to believe that a motion on these grounds would be necessary; indeed, the Court would probably have questioned the need for any such motion in the absence of any past use or stated future intent to use such a term in connection with PwC's audits. The Court therefore considers PwC's Motion on the merits.

It is beyond dispute that an independent auditor's function is important to the investing public and regulators as well as to the company whose books are being audited. The Plan Administrator is not precluded from discussing that function; indeed, the "public" and "independent" aspect of a certified public accounting firm serving as independent auditor is relevant to explaining the nature of the relationship between MF Global and PwC. In describing PwC's role, however, the Plan Administrator may not insinuate or imply that PwC owed a duty to the investing public or that PwC fulfills a regulatory role in the financial system. The

4

Plan Administrator is suing to recover damages allegedly incurred by MF Global, not damages incurred by its customers, investors, or others who may have relied upon PwC's certification of the accuracy of MF Global's audited financial statements. Any suggestion to the contrary would prejudice PwC and must therefore be precluded. PwC's Motion is therefore granted with the modifications described above.

## I. ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendant PricewaterhouseCoopers LLP's ("PwC") motion in limine to instruct the jury on points that plaintiff MF Global Holdings Ltd., as Plan Administrator (the "Plan Administrator") is judicially estopped from contesting (Dkt. No. 172) is **DENIED**; and it is further

**ORDERED** that PwC's motion in limine to preclude the Plan Administrator from referring to PwC as a "public watchdog" or implying that PwC owed a duty to anyone other than MF Global itself (Dkt. No. 172) is **GRANTED**.

**SO ORDERED.**

Dated:   New York, New York
         2 March 2017

                                        VICTOR MARRERO
                                            U.S.D.J.