UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MF GLOBAL HOLDINGS LTD., AS PLAN ADMINISTRATOR,

                Plaintiff,

-against-

PRICEWATERHOUSECOOPERS LLP,

                Defendant.

Case No. 14-cv-2197 (VM)

**PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM
REGARDING JURY SELECTION PROCEDURES**

At the pretrial conference on February 3, 2016, the Court stated that it might begin jury selection by narrowing the venire to those jurors who state that they are "willing and able" to sit for five weeks. To the extent the Court meant only that it would begin by considering requests for excusal based on hardship or extreme inconvenience, PwC has no objection to proceeding in that fashion. PwC would, however, respectfully object to excusing any juror who does not volunteer as "willing and able" to serve, unless the juror demonstrates undue hardship or extreme inconvenience.

The Jury Selection and Service Act requires that a jury be "selected at random from a fair cross section of the community." 28 U.S.C. § 1861. This District has adopted a jury-selection plan to ensure compliance with the Act. *See id.* § 1863(a); Amended Plan for the Random Selection of Grand and Petit Jurors in the U.S. District Court for the Southern District of New York ("Plan"). Under the Act and the Plan, jurors may not be excused because they would prefer not to serve on a lengthy trial, nor may they be selected based on their willingness to volunteer for such service. Instead, jurors who are otherwise fit to serve may be excused *only*

upon a specific finding of "undue hardship or extreme inconvenience." 28 U.S.C. §§ 1863(b)(5), 1866(c); Plan art. VI, VIII. Except as specifically authorized, "no person or class of persons shall be . . . excused . . . from service as jurors." 28 U.S.C. § 1866(c); Plan art. VIII.[1]

As several courts have held, "allowing people to decide whether they wish to [serve on a jury] is quite the opposite of randomly selecting those who, unless within narrow and objectively determined categories of exemptions and excuses, must perform the task. A volunteer is not a random selectee." *United States v. Kennedy*, 548 F.2d 608, 611 (5th Cir. 1977), *abrogated in part on other grounds*, *United States v. Singleterry*, 683 F.2d 122, 123 n.1 (5th Cir. 1982); *accord United States v. Branscome*, 682 F.2d 484, 485 (4th Cir. 1982) ("selection of volunteers introduces a subjective criterion for grand jury service not authorized by the Act" and "results in a non-random selection process in violation of the Congressional intent"); *United States v. Layton*, 519 F. Supp. 946, 955 (N.D. Cal. 1981) ("[T]he use of volunteers [for jury service] destroys the randomness of the selection process."). The Second Circuit appears not to have directly addressed this issue. But it has cited *Kennedy* and *Branscome*, in the course of rejecting a challenge to a different jury selection method not at issue here, and distinguished them as cases that "involved jurors who volunteered for service—thus destroying randomness." *United States v. Resto*, 824 F.2d 210, 214 (2d Cir. 1987).

---

[1] Other than for undue hardship or extreme inconvenience, a juror may be excused only (1) for inability to render impartial service, (2) pursuant to a peremptory challenge, (3) for good cause shown, or (4) because the juror's service would threaten the secrecy or integrity of the proceedings. 28 U.S.C. § 1866(c).

Dated: March 6, 2017
       New York, New York

Respectfully submitted,

KING & SPALDING LLP

By: /s/ James P. Cusick
James P. Cusick
James J. Capra, Jr.
David M. Fine
Meredith Moss
J. Emmett Murphy
Paul Alessio Mezzina
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100

*Attorneys for Defendant PricewaterhouseCoopers LLP*