UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

MF GLOBAL HOLDINGS LTD., AS PLAN
ADMINISTRATOR,

                              Plaintiff,

    - against –

PRICEWATERHOUSECOOPERS LLP,

                           Defendant.

Case No. 14-cv-2197 (VM)(JCF)

----------------------------------------------------------

### THE PLAN ADMINISTRATOR'S MEMORANDUM REGARDING ADMISSIBILITY OF PLAINTIFF'S EXHIBIT 34

Plaintiff's Exhibit 34 is admissible on three separate and independent grounds: *first*, as a self-authenticating exhibit because the annexed certification satisfies the requirements of Federal Rules of Evidence 902(11)-(12) and 803(6); *second*, under Rule 807's residual exception; and *third*, under Rule 703, as highly probative evidence on which plaintiff's expert relied in forming his opinion.

### 1. Plaintiff's Exhibit 34 is Admissible and Self-Authenticating

Rules 902(11) and 803(6) were "designed to work in tandem."  *United States v. Komasa*, 767 F.3d 151, 154 (2d Cir. 2014).  Rule 902(11) created "a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness" and permits self-authentication where "the requirements of Rule 803(6)(A)-(C)" are met.  Fed. R. Evid. 902, Advisory Committee's Note (2000 Amendment).  Rule 803(6), as contemporaneously amended, allows for its "foundation requirements [to] be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." Fed. R. Evid. 803, Advisory Committee's Note (2000 Amendment).  The Rule requires a showing that the declaring witness has knowledge that the business record "was

made at or near the time by – or from information transmitted by – someone with knowledge;" that it was "kept in the course of a regularly conducted activity of a business;" and that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6).

The Rule does not, however, require that the "custodian or other qualified witness …   have personal knowledge regarding the creation of the document offered, or personally participate[] in its creation or even know who actually recorded the information." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010); *see also Phoenix Assocs. III v. Stone,* 60 F.3d 95 (2d Cir. 1995) ("The custodian need not have personal knowledge of the actual creation of the document. . . . Nor is there any requirement under Rule 803(6) that the records be prepared by the party who has custody of the documents and seeks to introduce them into evidence.") *quoting* 4 Weinstein's Evidence, at 803-201-04 (quotation omitted)).   Circumstances like those at issue here, involving the business records of a defunct entity, demonstrate why this is the case.

In *Curtis v. Perkins,* 781 F.3d 1262, 1265 (11th Cir. 2015), the Court of Appeals for the Eleventh Circuit considered whether business records could properly be admitted through the bankruptcy trustee where the custodian-trustee learned about the relevant record-keeping practices from his administration of the estate, not through real-time knowledge.  The court held that the business records were admissible under Rule 803(6) based on the trustee's testimony "regarding his investigation into the provenance and reliability of the documents," about his knowledge that "the office routinely created [the] documents," and as to his "reconciliation of the documents with corresponding files held by" other clients and financial institutions.  The court was persuaded that the trustee's "testimony evidences that someone with personal knowledge created the documents" and thus had "no problem concluding that the underlying documents were routinely made as part of a regularly conducted activity, near the time of that activity, by someone with personal

knowledge of their contents." *Id.* at 1267-68 ("As long as the trustee presented enough circumstantial evidence to establish the trustworthiness of the underlying documents, he did not need to present testimony from the person who actually prepared them; his own testimony would suffice.").[1]

The certification of Michael Pink, dated February 2, 2017 and provided to counsel for PwC on February 10, demonstrates the same process and provides similar (and more than sufficient) comfort that the documents were prepared by "someone with knowledge of their contents." *Id.* Michael Pink was appointed as Joint Special Administrator of MF Global UK Limited ("MFGUK") and, as agent of the company, "[has] been the custodian of the books and records of MFGUK since the date of … appointment." Declaration of Michael Pink, dated February 2, 2017 ("Pink Certification"), at ¶1. He declares, based upon knowledge learned as Joint Special Administrator, that MFGUK "offered security brokerage services for exchange-listed futures and options," entered into "transactions known as repurchase agreements and reverse repurchase agreements," and "created and maintained records reflecting the … repurchase or reverse repurchase agreements[] for purposes such as accounting and inventory." *Id.* at ¶3. Mr. Pink also declared— again, based on knowledge acquired first-hand through his role as Joint Special Administrator— that MFGUK engaged the financial services company Euroclear "for certain settlement and related securities services" and that MFGUK "maintained books and records reflecting the securities and settlement results for accounts and transactions related to Euroclear's

---

[1]     *See Granite Partners L.P v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 2002 WL 826956, at *9 (S.D.N.Y. May 1, 2002); *see also Warfield v. Byron,* 436 F.3d 551, 559 (5th Cir. 2006) (holding that the federally appointed receiver for a Ponzi scheme qualified as the scheme's "record custodian"); *BDO Seidman, LLP v. Banco Espirito Santo Int'l,* 38 So. 3d 874, 880 (Fla. Dist. Ct. App. 3d Dist. 2010) ("A court-appointed receiver or trustee is ordinarily a successor records custodian and may establish the necessary foundation for the admission of the defunct entity's records of regularly conducted business activity for purposes of section 90.803(6) and (7), Florida Statutes (2009). Similarly, the receiver or trustee may testify from personal knowledge regarding relevant aspects of his or her own personal investigation of the business failure and liquidation or reorganization of the entity.").

3

services." *Id.* at ¶4.  As to the document itself, Mr. Pink declares that the materials now marked Plaintiff's Exhibit 34 are comprised of (i) "a print-out of certain securities balances and settlement results relating to services provided to [MFGUK] by Euroclear for the dates indicated" and (ii) "screenshots from [MFGUK's] trading system, Apex, reflecting the purchase and sale of bonds and repurchase agreements for the dates indicated."  He also declares that the materials "were extracted by Stephen Wagstaff, an employee of [MFGUK], in 2014 from [MFGUK's] Apex system and Euroclear Gateway system." *Id.* at ¶.

The Pink Certification thus reflects a personal knowledge of the contents and purpose of Plaintiff's Exhibit 34, acquired first-hand through Michael Pink's administration of the company's estate and communication with former employees.  He declares further, under penalty of perjury, that he has "no reason to believe that [MFGUK's] books and records do not represent an accurate record of its transactions." *Id.* at ¶8.  The Pink Certification clearly "present[s] enough circumstantial evidence to establish the trustworthiness of the underlying documents" and therefore is sufficient to admit Plaintiff's Exhibit 34 as self-authenticating. *See Curtis,* 781 F.3d at 1265.  A ruling to the contrary would unfairly limit parties, like the Plan Administrator here, from advancing claims on behalf of a bankrupt entity.

## 2.  Plaintiff's Exhibit 34 is Admissible Under Rules 807 and 703

The Exhibit is also admissible under the residual exception to the hearsay rules.[2]  Rule 807 creates an exception to the hearsay rules where (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through

---

[2]      Even if this Court finds that the Pink Certification provides insufficient grounds for Plaintiff's Exhibit 34 to satisfy Rule 803(6), it is nonetheless indisputably sufficient to authenticate the document. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice.  Fed. R. Evid. Rule 807.[3]

Plaintiff's Exhibit 34 is comprised of trade settlement printouts and screenshots from the company's electronic trading system.  Both "statements" are reflective of an automated system, and both provide documentary evidence of transactions— repurchase agreements involving Irish sovereign debt— that *PwC independently reviewed* during its audit of the company.   And in addition to being objectively trustworthy, the statements contained in Plaintiff's Exhibit 34 are critical to the Plan Administrator's case.  The Plan Administrator's expert, Lynn Turner— who reviewed and relied on this Exhibit in forming his opinion and report— will testify that the transactions reflected in Plaintiff's Exhibit 34 conclusively refute PwC's argument that MF Global was unable to resell or gain an economic benefit from repo-bonds in the period between repurchase from the London Clearing House and the bonds' maturity. [4]

---

[3]     PwC cannot complain that the Plan Administrator failed to provide notice of this exception, as required by Rule 807(b).  The Plan Administrator informed PwC that Plaintiff's Exhibit 34, to the extent deemed to contain hearsay statements, was saved by the residual exception as early as January 4, 2017.

[4]     The objective significance of this document also supports its admission under Rule 703.  Pursuant thereto, experts are permitted to rely upon otherwise inadmissible facts or data in reaching conclusions "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703.  Such facts may be disclosed to the jury where, as here, "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.  PwC's case will no doubt be  *damaged* by Plaintiff's Exhibit 34— it conclusively establishes that MF Global could *and actually did* sell or gain an economic benefit during the stub period.  But PwC can point to no facts demonstrating that it would be *unfairly prejudiced* by the Exhibit under the meaning of this rule.

For these reasons, the Plan Administrator respectfully submits that its Exhibit 34 be admitted as self-authenticating under Rules 902(11)-(12) and 803(6), or under Rules 807 or 703.

Dated: New York, New York
        March 8, 2017

                                   Respectfully submitted,

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP

By: _/s/_  _Trevor J. Welch_
Daniel J. Fetterman (dfetterman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Trevor J. Welch (twelch@kasowitz.com)
David J. Mark (dmark@kasowitz.com)
Olga Lucia Fuentes Skinner (ofuentes@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Plaintiff*


THOMAS, ALEXANDER, FORRESTER
   & SORENSEN LLP
Steven Thomas (sthomas@tafsattorneys.com)
Emily Alexander (ealexander@tafsattorneys.com)
Mark Forrester (mforrester@tafsattorneys.com)
Stephen Sorensen (ssorensen@tafsattorneys.com)

14 27th Avenue
Venice, CA 90291
Tel:   (310) 961-2536
Fax:  (310) 526-6852

*Attorneys for Plaintiff*